## TRIPP ET AL. v. SOMERSETT.

(Filed 19 October, 1921.)

**1. Appeal and Error—Parol Agreement of Counsel—Dismissal of Case—Rules of Court.**

> Where a case on appeal to the Supreme Court has been dismissed under Rule 17, the Court, upon motion to reinstate, will not consider any agreement as to extension of time beyond that allowed by the statute, for the appellant to serve his case, unless in writing and properly signed, or admitted by the opposing counsel.

**2. Same—Duty of Appellant—Illness of Counsel.**

It is the duty of appellant to employ counsel to perfect his appeal to the Supreme Court, and the illness of one of his attorneys is not a sufficient excuse, on motion to reinstate an appeal dismissed under Rule 17.

**3. Appeal and Error—Docketing of Record—Motion—Certiorari—Dismissal of Appeal.**

When for sufficient cause a case on appeal has not been settled in time to have it docketed at the term to which it should have been brought, it is the appellant's duty, in apt time, to docket a transcript of the record proper and move for a *certiorari;* and when this has not been done by him, and the case has been dismissed under Rule 17, his motion to reinstate will be denied.

MOTION to reinstate appeal. This case was tried at June Term, 1921, of BRUNSWICK, before *Kerr, J.,* and a jury. Verdict and judgment against defendants, who appealed, and were allowed by consent 60 days in which to serve case on appeal, and plaintiff 60 days thereafter to serve countercase. The transcript on appeal not being docketed at this term at the beginning of the call of the docket of the district to which it belonged, the motion to docket and dismiss under Rule 17 was allowed. Immediately thereafter the appellants moved to reinstate.

PER CURIAM. This was a motion for leave to reinstate an appeal from June Term, 1921, of Brunswick, which had been dismissed for failure to docket the transcript on appeal at this term. It appears from the affidavits filed that just before the expiration of the 60 days allowed appellants by agreement to serve case on appeal, one of their counsel asked one of the counsel for the appellee for an extension of the time. The appellant's counsel insist that there was a verbal agreement that the time would be indefinitely extended, to which the appellee replies that the agreement for extension was upon the express agreement that the time would be extended 10 days, and upon condition only that the appeal should be settled in time for the case on appeal to be docketed at this term.

We have often given notice that the time for the settlement of the case on appeal can be extended only by agreement of counsel, and when the alleged agreement is oral it cannot be considered, if denied. This Court will not pass upon the relative accuracy of memory of counsel when they do not put their agreements in writing. Agreements to extend time for the settlement of cases on appeal are not favored by the courts. The statute has fixed the time, and this should be observed, and must be observed strictly, unless there is a mutual agreement which is either in writing or admitted.

One of the counsel for the appellants also contends that the failure to settle the case on appeal was due to his illness. This, however, is not suffi-

cient ground, seeing that he was not the only counsel for the appellants, and, besides, if he had been it was the duty of the parties to employ other counsel to represent them.

It is also elementary that when for any sufficient cause the "case on appeal" is not settled in time to have the case docketed at the term of this Court to which the appeal should be brought, the appellant should in apt time docket a transcript of the record proper and move for a *certiorari.* This not having been done, the motion to docket and dismiss was properly allowed, and this motion by the appellants to reinstate and continue the cause must be denied. The appellant does not even docket a transcript of the record proper with his motion to reinstate.

These requirements for the orderly settlement of cases on appeal and for docketing the same in this Court are clearly marked out by the statute and the rules of this Court, and it admits of more than a mild surprise that counsel should not observe them and should take the time of the Court, which is intended for the discussion and decision of cases, by motions to excuse themselves from a failure to observe the well settled and orderly procedure which is necessary in bringing appeals to this Court when a party deems that there has been error in the proceedings below. This is the second time at this term that we have been called upon to consider the failure to observe the well known requirements in bringing up the case on appeal, to which the appellee has a statutory right. *Kerr v. Drake, ante,* 764.

The motion to reinstate the appeal is denied.