STATE v. ROBERT JOHNSON.

(Filed 1 March, 1922.)

**1. Procedure—Supreme Court—Rules of Court—Constitutional Law.**

The procedure in the Supreme Court is vested by constitutional authority entirely with this Court, without power of the Legislature to modify it.

**2. Appeal and Error—Docketing Appeal—Certiorari—Motions—Laches.**

Whether the appellant has legal excuse in not docketing his case on appeal in time for it to be regularly heard at the call of the district to which it belongs is a matter for the Supreme Court to determine upon his docketing the record proper and moving for a *certiorari* under the rule.

**3. Same—Statutes—Discretion of Court—Case—Extension of Time.**

Where the appellant has not docketed the record proper and moved for a *certiorari* under the rules, he may not successfully resist appellee's motion to dismiss for not having his case docketed in the required time by attempting to show that such failure was caused by the trial judge in extending the time for the preparation and service of the case and countercase. *Semble,* an unreasonable time given for such purpose will not be recognized by the Supreme Court.

APPEAL by defendant from *Cranmer, J.,* at August Term, 1921, of CHATHAM.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Wade Barbee and Long & Bell for defendant.*

CLARK, C. J. At August Term, 1921, of Chatham, the defendant was convicted of having intoxicating liquor in his possession for the purpose of sale, and also of receiving more than one quart, in one package, at one time, in fifteen days, and appealed. The appeal was not docketed in this Court until 11 February, 1922. The August Term of Chatham was held before the commencement of the Fall Term, 1921, of this Court, but there was no record proper docketed, and the motion of the Attorney-General to dismiss must be allowed.

Rule 5 of this Court requires that "the transcript of the record on appeal from a judgment rendered before the commencement of a term of this Court must be docketed at such term seven days before entering upon a call of the docket of the district to which it belonged and stand for argument in its order." There are exceptions as to the first three districts only. The uniform practice of this Court, under the rules found necessary for the proper dispatch of the public business, requires that when this is not done, if there is any good excuse as for failure of the

judge to settle the case on appeal or otherwise, still the record proper must be docketed seven days before the call of the docket of the district at the proper term and an application made to this Court for a *certiorari,* upon which motion, based upon affidavit, the Court will decide whether a *certiorari* will issue or not to supply the defect. The appellant cannot decide this matter for himself.

In this case the record proper was not docketed at last term in the time required by the rules, and no motion for *certiorari* was asked for, and the appeal must be dismissed.

The excuse offered by the appellant for not docketing the record proper at last term is that the judge granted 60 days in which the appellant could serve the case on appeal, and the State was allowed 60 days to reply, and that if this time had been occupied, the case could barely have been settled in time to have been heard at last term. But even taking this to be so, that did not dispense with the duty of the appellant to obtain from the clerk below a transcript of the record proper, and on an affidavit showing no neglect on his part, he should have moved for a *certiorari.* It is by no means certain that if the appellant had taken the 60 days to serve the case on appeal that the State would have been as derelict, or as lacking in promptness in serving the counter case.

At any rate the matter should have been presented to this Court by following the recognized rule of docketing the transcript and the record proper and asking for *certiorari.*

The procedure in this Court by the Constitution is left entirely to this Court and no act of the Legislature has sought to, or could, modify the procedure here. *Herndon v. Ins. Co.,* 111 N. C., 384.

It is in the interest of the public and necessary for the proper dispatch of the business of the Court that there should not be unnecessary delay in settling cases on appeal. It would only result in making the settlement of such cases more difficult if there were greater lapse of time, and would increase the difficulty of settling disputes as to what happened at the trial.

Prior to the adoption of the Reformed Procedure in 1868, all cases on appeal were settled by the judges, whose practice was to perform this duty before leaving the court at which the case was tried. It was thought that their duty in this respect might be lightened by changing the statute, so as to permit counsel to agree upon settlement of the case on appeal and to call in the aid of the judge only where counsel failed to agree. The time originally allowed for this purpose was five days for the appellant to serve case on appeal and three days for the appellee to serve a counter case. This was lengthened from time to time until by our statute it is now (C. S., 643) fifteen days to serve case on appeal and ten days to serve counter case, except where the parties by consent extend

the time. The result has not been beneficial. There has been an increasing tendency to postpone and put off the settlement of cases on appeal by lengthening the time, and the last Legislature has permitted the judges to extend the time even when counsel do not agree.

But this Court has never changed its rule, of which it is sole judge, that in every case when the case on appeal is not docketed in the time required, at the next term, the appellant must docket the record proper and ask for a *certiorari.* Whenever this is not done the case not docketed until the next succeeding term will be dismissed. *S. v. Telfair,* 139 N. C., 555 (2 Anno. Ed.), and cases there cited; *Buggy Co. v. McLamb,* 182 N. C., 762; *Rogers v. Asheville, ibid.,* 596.

It is true that under this recent statute by which judges can extend the time to serve cases on appeal, in this instance sixty days were allowed on each side, but under the supervisory power over the lower courts which is wisely given to the courts on appeal in this, as in other states, we are compelled to say that exercise of the power to extend time, especially in a small case like this, to sixty days on each side is inadvisable and cannot receive the approval of this Court. The case, in its nature, is very brief and might have been settled certainly within the statutory time. It will be much better if all cases, when possible, especially these small cases, were always settled while the facts are fresh and before the judge leaves the court. Certainly in a matter of this kind, the enormous time allowed of sixty days on each side is without justification.

But however that may be, the Rules of the Court, which are committed by the Constitution, entirely to this Court to formulate and control *(Horton v. Green,* 104 N. C., 400), require that if a case for *any reason* is not docketed at the first term after trial below a transcript of the record proper must be docketed in apt time and a *certiorari* asked for. This not having been done, the motion to dismiss is allowed.

NOTE.—In No. 86, *S. v. Spain,* from Chatham, Fall Term, 1921, conviction for intoxicating liquor and aiding and abetting same; and No. 87, *S. v. Phillips,* conviction at August Term, 1921, of Chatham, for aiding and abetting in the manufacture of intoxicating liquor, there was the same state of facts—no record proper having been docketed nor application for *certiorari* in apt time at the Fall Term, being first term after the trial below—and the motion of the State to dismiss the appeal must be allowed.