LONNIE C. MIMMS v. SEABOARD AIR LINE RAILWAY COMPANY ET AL.

(Filed 3 May, 1922.)

Appeal and Error—Docketing—Dismissal—Certiorari—Court's Discretion —Consent.

> Where a case on appeal has not been docketed by appellant within the time required by the rule of practice in the Supreme Court regulating it, and a motion has not been duly made for a certiorari, it will be dismissed, it being discretionary with the court as to whether the motion for this writ will be allowed, which the consent of the parties cannot affect.

APPEAL by plaintiff from Ray, J., at April Term, 1921, of ANSON.

Civil action to recover damages for an alleged negligent personal injury.

Plaintiff, express messenger on train No. 13, running from Wilmington to Charlotte, was injured in a wreck on the night of 2 May, 1919; said wreck occurring about two miles west of Lilesville, and being caused by a derailment of the train.

From a verdict and judgment in favor of defendants, the plaintiff appealed.

James S. Manning, McLendon & Covington, and Douglass & Douglass for plaintiff.
B. Vance Henry and McIntyre, Lawrence & Proctor for defendants.

STACY, J. Seaboard passenger train No. 13, running from Wilmington to Charlotte, was wrecked on the night of 2 May, 1919, at a point approximately two miles west of Lilesville in Anson County. Investigation made on the night of the wreck showed that the train had been derailed by means of a "draw-bar" unlawfully placed on the railroad track by some person or persons, at that time unknown to the defendants. Plaintiff was an express messenger in the employment of the defendant American Railway Express Company, and was in charge of

the express car on the wrecked train.    He brings suit against the American Railway Express Company, the Seaboard Air Line Railway Company, and the Director General of Railroads, to recover damages for injuries alleged to have been sustained in said wreck.    The jury having answered the issues of negligence in favor of the defendants, there was a judgment dismissing the action and taxing the plaintiff with the costs.

We have carefully examined the record and have been unable to find any reason for disturbing the result below.    Upon the merits, we think the judgment must be affirmed.    No reversible error has been shown.

It also appears that this case was tried in April, 1921.    The appeal, therefore, should have been docketed and heard at the last term; or, at least, the record proper should have been seasonably docketed here and motion duly made for a *certiorari*.    This latter writ is a discretionary one, and counsel may not dispense with it by agreement.    *In re McCade, ante,* 242; *S. v. Johnson, post; S. v. Hooker, post.*

Animadverting upon a similar state of facts, in *S. v. Trull,* 169 N. C., 370, the present *Chief Justice,* speaking for a unanimous Court, said: "We note that this trial was had in June, 1914.    Under the statute and rules of the Court this appeal was required to be docketed at ,the fall term of this Court before the call of the docket of the district to which it belongs, under penalty of dismissal.    Rules 5 and 7, 140 N. C., 540, 544; Rev., 591; *Pittman v. Kimberly,* 92 N. C., 562, and numerous cases thereto cited in the Anno. Ed., and *Burrell v. Hughes,* 120 N. C., 277, citing numerous cases, and with numerous annotations in the Anno. Ed. It appears in the record that the solicitor agreed with the prisoner's counsel that the case might be postponed and docketed at this term (Spring Term, 1915).    This was an irregularity, and was beyond his authority.    The statute must be complied with and the cause docketed at the next term here after the trial below.    If in any case there is any reason why this cannot be done, the appellant must docket the record proper and apply for a *certiorari,* which this Court may allow, unless it dismisses the appeal, and may then set the case for trial at a later day at that term or continue it, as it finds proper.    It is not permitted for counsel in a civil case, nor to the solicitor in a State case, to assume the functions of this Court and allow a cause to be docketed at a later term than that to which the appeal is required to be brought by the statute and the rules of this Court."

No error.