### W. T. ROSE v. ROCKY MOUNT.

(Filed 13 September, 1922.)

**Appeal and Error—Docketing—Certiorari—Dismissal—Rules of Court—Statutes.**

Appeals to the Supreme Court are only within the rights of the parties when the procedure is in conformity with the appropriate statutes or rules of court, and neither the parties in litigation nor their attorneys have authority, by agreement among themselves, to disregard the rules regulating appeals in the Supreme Court; and where the appellant has failed to docket his appeal or move for a *certiorari* under the rule regulating the matter, the appeal will be dismissed.

APPEAL by defendant from *Allen, J.,* at November Term, 1921, of EDGECOMBE.

*F. S. Spruill and J. P. Bunn for plaintiff.*
*L. V. Bassett and T. T. Thorne for defendant.*

PER CURIAM. The summons in this case was issued 6 October, 1919, and the cause was tried at November Term, 1921. The appeal should have been docketed here at last term, but it was not docketed until this term. It has been too often held, to be a matter of debate, that an appeal is not a matter of right, but is allowed upon conformity with the provisions of law and the rules of the Court, which, if not complied with, the cause is not legally in this Court and cannot be considered by us.

In *Mimms v. R. R.*, 183 N. C., 436, at last term, it was held as a settled rule of this Court that "where a case on appeal has not been docketed by appellant within the time required in the rule of practice in the Supreme Court, and a motion was not made at that time for a *certiorari*, the appeal will be dismissed"; and the consent of parties for such failure to docket in apt time will not justify it. *Stacy, J.,* in the opinion in that case, referring to the decisions, said: "The statute must be complied with, and the cause docketed here at the next term after the trial below. If in any case there is any reason why this cannot be done, the appellant must docket the record proper (at the proper time) and apply for a *certiorari*, which this Court may allow, unless it dismisses the appeal, and may then set the case for trial at a later day at that term or continue it as it finds proper. It is not permitted for counsel in a civil case, nor to the solicitor in a State case, to assume the functions of this Court and allow a cause to be docketed at a later term than that to which the appeal is required to be brought by the statute and the rules of this Court." To the same purport at the last term was *S. v. Johnson*, 183 N. C., 730; *S. v. Brown, ibid.,* 789; *S. v. Barksdale, ibid.,* 785.

At a preceding term the same ruling was upheld in *Buggy Co. v. McLamb*, 182 N. C., 762; *Kerr v. Drake, ibid.,* 766 (in which the matter was again fully discussed); *Tripp v. Somerset, ibid.,* 767. These are some of the cases within the last year. Besides, it has been the uniform ruling of this Court always, of which counsel must take notice, that parties have no authority to make any agreement to disregard a statute or the rules of Court.

While *Magna Carta* did not originate, or require, trial by jury, as at one time was thought, it is very certain that it did guarantee that there should be a prompt administration of justice by providing (ch. 47) that the courts will neither sell justice nor deny it nor delay it, and a delay of justice is often a denial of justice.

It would be impossible to have an orderly and regular dispatch of business in the courts if the parties either themselves or through their counsel (who certainly have no greater authority than the parties themselves) can, to suit their own convenience or whim, set aside at their will the regulations governing litigation, and taking the matter out of the hands of the courts, substitute their own agreements.

When an appeal is not docketed here in the time required, the party or his counsel should apply for a *certiorari* at that time, for then the Court, on hearing the grounds for failure to docket, can adjudge whether a *certiorari* should issue or the cause be dismissed. The Court does not favor even these applications, for it is not very often the case that the

cause cannot be prepared and docketed in the time required by statute and the rules of this Court.

It is not often that counsel are so overwhelmed with business that they cannot attend, in the required time, to docketing an appeal, and when this occurs there are a sufficient number of lawyers who can be called in to the aid of their brethren who are so overwhelmed at the moment that they cannot wade through the swollen tide of business that surrounds them. It is much better that in these emergencies aid should be sought from their brethren of the bar, who are not lacking either in ability or numbers, than that counsel should, by private agreements, interfere with the orderly procedure and practice of the courts in disregard of the prescribed regulations.

Appeal dismissed.