STATE v. TOM BUTNER.

(Filed 25 April, 1923.)

1. **Appeal and Error—Settlement of Case—Stenographer's Notes.**

   The trial judge must settle the case on appeal to the Supreme Court within the time allowed by law, whether the stenographer has transcribed her notes of the evidence on the trial or not.

2. **Same—Extension of Time.**

   The failure or inability of the official stenographer at the trial to transcribe the notes thereof in time, does not excuse the appellant for failure to make out and serve his case within the time allowed by law. The excessive time allowed for this purpose in some instances is commented upon unfavorably.

3. **Same—Record Proper—Docketing—Certiorari—Discretion of Court.**

   Where the appellant has been unable to bring up his case on appeal within the time allowed him by law, he must comply with the rule to docket the record proper and move for a *certiorari,* so that the Supreme Court may exercise its discretion in passing upon the merits of the motion; otherwise the appellant has lost his right of appeal, and the consent of the parties cannot preserve it.

4. **Same—Legislative Powers—Rules of Court—Constitutional Law.**

   The power of the Legislature to permit an extension of the time for settling the case on appeal, does not permit it to impinge upon the rule of the Supreme Court requiring the docketing thereof, within a prescribed time, or the issuance by the court of a *certiorari,* in its discretion.

5. **Appeal and Error—Motion to Dismiss—Reinstatement—Res Judicata.**

   The refusal by the Supreme Court of appellant's motion for a *certiorari* is *res judicata* upon his later motion to reinstate the case upon the same grounds.

**6. Same—Assignments of Error—Meritorious Case.**

Upon a motion in the Supreme Court to reinstate a case that has been dismissed, it is required that the appellant should have properly assigned his errors to the judgment to be brought up for review and show a meritorious case.

**7. Appeal and Error—Rules of Court—Conditions Precedent.**

An appellant's right of appeal to the Supreme Court is dependent upon his observance of the rules regulating appeals.

APPEAL by defendant from *Calvert, J.,* at October Term, 1922, of SURRY.

The defendant was convicted for house-breaking and larceny, and from the judgment imposed, appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*E. C. Bivens for defendant.*

CLARK, C. J. This case was tried at the October Term, 1922, of Surry. The defendant was allowed by the judge 60 days in which to serve case on appeal and the State 30 days thereafter to serve counter case. The case on appeal was not served within the 60 days, and there was no application for *certiorari* filed until 27 March, 1923, which on 3 April, 1923, was denied, and the motion of the Attorney-General to dismiss the appeal was allowed.

This was a motion to reinstate filed on 17 April, 1923, and is based upon the same ground as the motion for *certiorari*, to wit: That the official stenographer was "so busy that she could not furnish copy for the appellant of the evidence until after the 60 days had expired." The motion to reinstate is based upon the same ground.

It is true the statute permits the judge now to extend the time for settling cases on appeal. The court deprecates the unusual length of time allowed in some instances. The result is simply to delay the administration of justice, and, besides, makes it more difficult to settle cases on appeal by the lapse of time. It is true that where there is a stenographer, the notes of the evidence can be reduced to writing, but we have often held that these notes are not controlling, and that it is the judge's function and his responsibility, of which he cannot be dispossessed nor voluntarily abdicate, to determine what was the evidence. Though the stenographer's notes may be very useful to the judge, they are not controlling. If they were it would substitute the stenographer for the judge in one of his most essential functions. *Cressler v. Asheville,* 138 N. C., 485; *S. v. Shemwell,* 180 N. C., 718, and other cases in which we held: "Now, as always, these matters must be settled by the judge. When counsel disagree, the stenographer's notes will be valuable aid to refresh

the judge's memory, but the stenographer does not displace the judge in any of his functions." The motion for the *certiorari* in this case was therefore denied, and so must this motion to reinstate on the same ground that the "court stenographer was so crowded with work that it was impossible for her to get up the abstract of evidence within the time allowed the defendant for his service of the case, and the solicitor agreed to waive the time." In the capital case of *S. v. Harris,* 181 N. C., 613, there was similar ground presented and disallowed.

If in addition to the many grounds on which delay is asked in bringing up appeals to this Court, or negligence in so doing is sought to be condoned, there were to be added this excuse that the stenographer cannot get up the evidence, it will entirely destroy all reasonable diligence in the dispatch of appeals, both civil and criminal.

There is certainly no lack of competent stenographers in this State. Indeed, until very recently, justice was dispensed without seeking their aid at all, but if an alleged scarcity, or the overwhelming popularity of any stenographer is such that the amount of business devolving upon any one stenographer can excuse delay, there will be an end to all promptness in judicial proceedings. If a stenographer is so much in demand that he must go from court to court, and from case to case, before finishing the work in hand, it cannot be taken as an excuse. It is his duty to do the work with which he is entrusted before taking employment in another case or at another court. This might as well be understood once and for all.

There are enough stenographers "to go round," and until one is able to discharge promptly the duties he has taken, it is the duty of litigants and defendants to get other stenographers who can readily be had.

Besides, we have often held, and ought not to be called on to repeat, that when for any really excusable ground a "case on appeal" is not made up in time, the appeal should be docketed nevertheless at the regular time and an application made for *certiorari.* It is out of the power of the judge or solicitor to dispense with the rule of this Court requiring such docketing at the time prescribed by the rules of this Court. While the Legislature can extend the time for settling a case on appeal, it cannot impinge upon the rules of this Court, *Herndon v. Ins. Co.,* 111 N. C., 384, specifying the time in which an appeal must be docketed, unless the Court shall see fit to grant a *certiorari,* which is a matter within its discretion.

In *Mimms v. R. R.,* 183 N. C., 436, it was held, *Stacy, J.,* "Where a case on appeal has not been docketed by appellant within the time required by the rule of practice in the Supreme Court regulating it, and a motion has not been duly made for *certiorari,* it will be dismissed. It is discretionary with the Court as to whether this motion for writ will be allowed, which the consent of the parties cannot affect." There are

many precedents in which this has been held. Even, therefore, if there had been demand for the services of this particular stenographer for other cases, and at other courts, so that the defendant could not make up his appeal in time, application should have been made for *certiorari,* and then the Court in its discretion would have granted or not granted the *certiorari.* Neither the solicitor nor opposing counsel could waive this rule of the Court.

The petition for *certiorari* was not filed here until 27 March of this term, and was properly denied, and is *res judicata.*

The application for the *certiorari* was properly denied, and the motion for dismissal was further properly allowed upon the ground that there was no assignment of error in the judgment sought to be brought up for review, nor did it disclose meritorious ground. *Short v. Sparrow,* 96 N. C., 348; *In re Britain,* 93 N. C., 587; *Lewis v. Foard,* 112 N. C., 402; *March v. Thomas,* 63 N. C., 249.

To sum up, we wish to call the attention of the profession to the fact that now, as in the days of *Magna Carta,* it is the right of the parties and the duty of the court that justice shall be administered without delay. To that end the rules of the Court and the requirements of the statute must be observed, and neither can be dispensed with by the consent of counsel or of the parties.

While deprecating the excessive extent to which time is now allowed in some cases for making up appeals, we again call attention, as we have often done, to the fact that this does not impair the power of the Court, by its rules, to prescribe the time within which appeals can be docketed here, and that when this is not done, parties who have any sufficient ground to ask this Court for *certiorari* must do so within the time prescribed by the rules of the Court, and then, as held in cases above cited, whether the court will allow the *certiorari* is a matter within the discretion of the Court.

As we have often said, an appeal is not a matter of absolute right, but conditioned upon the observance of the requirements for presenting the appeal in this Court. Therefore, the defendant, as a ground for *certiorari,* in addition to the other requirements, must allege error and assign meritorious grounds for the appeal, besides filing appeal bond, printing the records and briefs (except in pauper appeals) and otherwise complying with the ordinary requirements of the Court and the statutes.

An observance of these matters is essential that the time of the Court may be applied to the consideration of matters of substance sought to be reviewed, and not be taken up in considering excuses for delay, and for failure of parties or counsel by negligence or otherwise, to comply with the necessary prerequisites for the consideration of appeals.

Motion to reinstate denied.