A. H. WEEDON v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 7 May, 1924.)

1. **Appeal and Error—Certiorari—Motions—Record Proper.**

   The Supreme Court will not assume that an appeal has been taken in the Superior Court, in the absence of the filing of the record proper or adequate certification from the clerk of the court to that effect.

2. **Same—Procedure.**

   In order to have the Supreme Court exercise its discretionary power to grant the writ of *certiorari,* which is not controlled by the agreement of the parties, the appellant is required to make his motion therefor not later than the call of his district, and in conformity with the rules of the Court.

PETITION for writ of *certiorari,* filed by plaintiff, appellant, on 25 April, 1924.

*Rogers & Rogers for petitioner.*
*Rountree & Carr for respondent.*

STACY, J.  This case was tried in the Superior Court of New Hanover County of the Eighth Judicial District, at the October Term, 1923, and resulted in a judgment of nonsuit.  Notice and entries of appeal were duly noted at said term, and statement of case on appeal to this Court was being prepared by plaintiff's counsel, J. Felton Head, when he was suddenly taken ill and died 27 February, 1924.

Upon the call of the docket from the Eighth Judicial District on 18 March, 1924, plaintiff filed a motion in this Court, asking that he be allowed until the Fall Term, 1924, within which to perfect his appeal. This motion was denied because the record proper had not been docketed here, and there was nothing in this Court upon which the motion could be predicated.  Appellate courts, in the absence of the record proper or adequate certificate from the clerk, will not assume that a given case has been instituted in the trial court.

The present application for a writ of *certiorari* is based upon a transcript of the record proper, filed in this Court on 25 April, 1924, but the application must be denied as it was not made in apt time.  This should have been done not later than the call of the docket from the Eighth Judicial District, as the case comes from that district.  Speaking to a similar question in *Mimms v. R. R.,* 183 N. C., 436, it was said that a case tried in the Superior Court at the April Term, 1921, should have been docketed in this Court and heard at the Fall Term, 1921, "or at least the record proper should have been seasonably docketed here and motion duly made for a *certiorari.*  This latter writ is a discretionary one, and counsel may not dispense with it by agreement."

This disposition of plaintiff's petition will work no great hardship upon him, in the instant case, as it appears that the suit was brought *in forma pauperis,* and the year within which another suit may be brought after nonsuit has not yet expired.

Petition denied.