It appears from an inspection of the record now offered that defendant was convicted at January term of Wayne Superior Court of murder in the second degree, and was then and there sentenced to the penitentiary for not less than ten nor more than fifteen years; that the trial was concluded and judgment entered on the closing day of the Superior Court term, to wit, 2 February, 1924, and this Court convened for Spring Term, 1924, on 5 February; that no record or case on appeal was docketed nor any motion here made in the case prior to 1 September, 1924, after the commencement of the Fall Term of this Court, 1924. The appeal having been dismissed, there was motion by defendant to reinstate; the same is denied.
It is the established rule of our procedure that an appeal from a judgment rendered prior to the commencement of a term of this Court must be brought to the next succeeding term of this Court, and in order to a hearing in regular order, the same shall be docketed seven days before the calling of the docket of the district to which it belongs, with the proviso to Rule 5, in Volume 185 of the Reports, that appeals in civil causes from the First, Second, Third, and Fourth Districts, tried between the first day of January and the first Monday in February, or between the first day of August and the fourth Monday in August are not required to be docketed at the immediately succeeding term of this Court, though if docketed in time for hearing at said first term, the appeal shall stand regularly for argument. In numerous decisions of the Court dealing directly with the subject, it has been held that these rules governing appeals are mandatory and must be uniformly enforced, the only modification permitted or sanctioned by these decisions being to the effect that where from lack of sufficient time or other cogent reason, the case on appeal may not be in shape for docketing in the time required, the appellant may within such time docket the record proper and move for a certiorari, which may be allowed by the Court on sufficient showing made.
In the recent case of Byrd v. Southerland, 186 N.C. 385, it was held: "That the rules of practice in the Supreme Court regulating appeals are mandatory on all appellants alike, and are necessary for the proper and expeditious consideration of causes by the Supreme Court." And in the PerCuriam opinion prepared by our late Chief Justice it is said among other things: "The necessity of rules of practice, and our power to prescribe them, and the necessity of our uniformly enforcing these rules so there may be no waste of time (which should otherwise be given to the argument of causes), by discussing whether counsel was excusable in the neglect to observe the regulations, has been repeated by this Court so often that it ought not to be necessary for us to repeat it." And to the same effect areS. v. Butner, 185 N.C. 731; S. v. Dalton, 185 N.C. 606; Cooper v.Commissioners, 184 N.C. 615; Rose v. Rocky Mount, 184 N.C. 609; Mimmsv. R. R., 183 N.C. 436; S. v. Ward, 180 N.C. 693; S. v. Trull,169 N.C. 363-370; Lee v. Baird, 146 N.C. 361-363. And many such cases could be readily cited.
In S. v. Butner, supra, it was said: "Besides, we have often held, and ought not to be called on to repeat, that when for any really excusable ground a `case on appeal' is not made up in time, the appeal should be docketed nevertheless at the regular time and an application made for acertiorari. It is out of the power of the judge or solicitor to dispense with the rule of this Court requiring such docketing at the time prescribed by the rules of this Court. While the Legislature can extend *Page 245 
the time for settling a case on appeal, it cannot impinge upon the rules of this Court (Herndon v. Ins. Co., 111 N.C. 384), specifying the time in which an appeal must be docketed, unless the Court shall see fit to grant acertiorari, which is a matter within its discretion."
In S. v. Dalton: "The decisions of this Court have been uniform that on failure to docket the appeal in the time prescribed it will be docketed and dismissed unless a motion is made for certiorari at the next succeeding term and sufficient cause shown for the failure."
In Cooper v. Commissioners, supra, it was said: "The rules of practice in the Supreme Court expressly require petitions for rehearing to be filed within forty days after the filing of the opinion in the case. 174 N.C. 841, Rule 52. In Lee v. Baird, 146 N.C. 363, Hoke, J., said: `There is no doubt of the power of the Court to establish the rules in question, and in numbers of decisions we have expressed an opinion both of their necessity and binding force. Thus, in Walker v. Scott, 102 N.C. 490, Merrimon, J., for the Court, said: `The impression seems to prevail to some extent that the rules of practice prescribed by this Court are merely directory; that they may be ignored, disregarded and suspended almost as of course. This is a serious mistake. The Court has ample authority to make them. Const., Art. IV, sec. 12; Code, sec. 691; Rencher v. Anderson, 93 N.C. 105; Barnes v.Easton, 98 N.C. 116. They are deemed essential to the protection of the rights of litigants and the due administration of justice. They have force, and the Court will certainly see that they have effect, and are duly observed whenever they properly apply.'"
In Rose v. Rocky Mount, supra, it was held: "Appeals to the Supreme Court are only within the rights of the parties when the procedure is in conformity with the appropriate statutes or rules of court, and neither the parties in litigation nor their attorneys have authority, by agreement among themselves, to disregard the rules regulating appeals in the Supreme Court; and where the appellant has failed to docket his appeal or move for a certiorari under the rules regulating the matter, the appeal will be dismissed."
In Mimms v. R. R., 183 N.C. 436, Associate Justice Stacy, delivering the opinion, said: "It also appears that this case was tried in April, 1921. The appeal, therefore, should have been docketed and heard at the last term; or, at least, the record proper should have been seasonably docketed here and motion duly made for a certiorari. This latter writ is a discretionary one, and counsel may not dispense with it by agreement. In reMcCade, ante, 242; S. v. Johnson, post, 730; S. v. Hooker, post, 763." And quotes with approval from Trull's case, as follows: "We note that this trial was had in June, 1914. Under the statute and rules of the Court this appeal was required to be docketed at the fall term of this *Page 246 
Court before the call of the docket of the district to which it belongs, under penalty of dismissal. Rules 5 and 7, 140 N.C. 540, 544; Rev., 591;Pittman v. Kimberly, 92 N.C. 562, and numerous cases thereto cited in the Anno. Ed., and Burrell v. Hughes, 120 N.C. 277, citing numerous cases, and with numerous annotations in the Anno. Ed. It appears in the record that the solicitor agreed with the prisoner's counsel that the case might be postponed and docketed at this term (Spring Term, 1915). This was an irregularity, and was beyond his authority. The statute must be complied with and the cause docketed at the next term here after trial below. If in any case there is any reason why this cannot be done, the appellant must docket the record proper and apply for a certiorari, which this Court may allow, unless it dismisses the appeal, and may then set the case for trial at a later day at that term or continue it, as it finds proper. It is not permitted for counsel in a civil case, nor to the solicitor in a State case, to assume the functions of this Court and allow a cause to be docketed at a later term than that to which the appeal is required to be brought by the statute and the rules of this Court."
Recurring to the facts as presented in the record, this cause was tried and determined on 2 February, 1924. The next term of this Court commenced on 5 February. There was no appeal or record docketed nor any motion forcertiorari or other made till 1 September, 1924, after the commencement of the Fall Term, and under the rules, as stated, the appeal must be dismissed. We do not discover an instance when this ruling has been departed from.
It is urged for appellant that the case required six days for its trial, constituting a voluminous record, and it was impossible to have prepared a case on appeal within the time required by the rule, and that the statutory time allowed for serving case and countercase would not permit the docketing of the case seven days before the calling of the district. While this would present cogent reason for granting a writ of certiorari on proper application, it does not relieve appellant of the requirement that the record proper be docketed within the time, and the writ of certiorari
applied for.
It is only by timely issuance of this writ that an extension of time can be procured, and this is by no means a formal and meaningless requirement. By application for certiorari the cause is brought within the cognizance and control of the Court, and a criminal cause can thereby be brought up and heard at a day certain or at furthest at the end of the appeals from the Twentieth District, as provided in Rule No. 6. Its proper issuance is essential to give this Court proper control of the action of the lower courts as provided and contemplated by Art. IV, secs. 8 and 12 of the Constitution, and the principles which apply to it and the *Page 247 
decisions of the Court concerning it are just as imperative as the time fixed for docketing a perfected appeal under the express terms of the rule.
Again it is insisted that by agreement between counsel for appellant and the solicitor, the time for preparing the case on appeal was extended beyond the opening of the fall session of this Court, and that as a matter of fact the solicitor of the district is still engaged in preparing the countercase for the State on defendant's appeal. But such a position cannot for a moment be allowed. These rules, prepared pursuant to the powers vested in this Court by the Constitution, and designed to promote the expeditious and orderly hearing of causes on appeal, are in no wise subject to the agreement of counsel. As held in Rose v. Rocky Mount, supra, neither parties litigant nor their attorneys have authority by agreement among themselves to disregard them.
Both positions of appellant come clearly under the condemnation of the authorities heretofore cited and must, therefore, be overruled.
While for the reasons and on the authorities stated we are constrained to adhere to our decision dismissing the appeal, owing to the great importance of the questions involved, we have examined the case on appeal prepared by defendant and submitted as the principal basis for his motion to reinstate, and the issue of defendant's guilt or innocence seems to have been fairly submitted to the jury, and even on defendant's statement, reversible error has not been clearly shown.
Motion to reinstate is
Dismissed.