Civil action to restrain defendant from cutting timber, etc.
From a judgment dismissing the action for failure to file bond as required by order of court, the plaintiffs appeal, assigning errors.
From the judgment of dismissal entered at the January Special Term, 1930, Wilkes Superior Court, the plaintiffs gave notice of appeal to the Supreme Court, and were allowed ninety days to make out and serve statement of case on appeal, while the defendants were given sixty days thereafter to prepare and file exceptions or countercase. Upon disagreement, the case was settled by the judge, 16 July, 1930. There was no application forcertiorari at the Spring Term, 1930, of this Court, the next succeeding term commencing after the rendition of the judgment in the Superior Court, the term to which the appeal should have been brought.
Rule 5 of the Rules of Practice in the Supreme Court (192 N.C. p. 841), provides, among other things, that the transcript of record on appeal from a judgment "rendered before the commencement of a term of this Court" must be brought to such term, the next succeeding term, and docketed here fourteen days before entering upon the call of the district to which the case belongs, with the proviso that appeals in civil cases (but otherwise in criminal cases) from the First, Second, Third and Fourth districts, tried between the first day of January and the first Monday in February, or between the first day of August and the fourth Monday in August, are not required to be docketed at the immediately succeeding term of this Court, though if docketed in time for hearing at said first term, the appeal will stand regularly for argument.
The single modification of this requirement, sanctioned by the decisions is, that where, from lack of sufficient time or other cogent reason, the case is not ready for hearing, it is permissible for the appellant, within the time prescribed, to docket the record proper and move for a certiorari, which motion may be allowed by the Court in its discretion, on sufficient showing made, but such writ is not one to which the moving party is entitled as a matter of right. The issuance of a writ of certiorari, however, does not change the time already fixed by agreement of the parties, or by order of court, for serving statement of case on appeal, and exceptions or countercase. Smith v. Smith, ante, 463.
If the record and transcript are not docketed here at the proper time and no certiorari is allowed, the court below, on proof of such facts, may, on proper notice, adjudge that the appeal has been abandoned, and proceed in the cause as if no appeal has been taken. Dunbar v. Tobacco Growers,190 N.C. 608, 130 S.E. 505; Jordan v. Simmons, 175 N.C. p. 540,95 S.E. 919; Avery v. Pritchard, 93 N.C. 266.
We have held in a number of cases that the rules of this Court, governing appeals, are mandatory and not directory. Calvert v. Carstarphen,133 N.C. 25, 45 S.E. 353. They may not be disregarded or set at naught (1) by act of the Legislature (Cooper v. Commissioners. *Page 790 184 N.C. 615, 113 S.E. 569), (2) by order of the judge of the Superior Court (Waller v. Dudley, 193 N.C. 354, 137 S.E. 149), (3) by consent of litigants or counsel. S. v. Farmer, 188 N.C. 243, 124 S.E. 562. The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly. Womble v. Gin Co.,194 N.C. 577, 140 S.E. 230. See Porter v. R. R.,106 N.C. 478, 11 S.E. 515, for summary of the decisions.
For the convenience of litigants, counsel and the Court, a fixed schedule is arranged for each term of the Court and a time set apart for the call of the docket from each of the judicial districts of the State. The calls are made in the order in which the districts are numbered. It can readily be seen, therefore, that, unless appeals are ready for argument at the time allotted to the district from which they come, a disarrangement of the calendar necessarily follows, and this often results in delay and not infrequently in serious inconvenience. The work of the Court is constantly increasing, and, if it is to keep up with its docket, which it is earnestly striving to do, an orderly procedure, marked by a due observance of the rules, must be maintained. When litigants resort to the judiciary for the settlement of their disputes, they are invoking a public agency, and they should not forget that rules of procedure are necessary, and must be observed, in order to enable the courts properly to discharge their duties.Battle v. Mercer, 188 N.C. 116, 123 S.E. 258. The rules have been revised, annotated and republished in the 192nd Report.
On facts identical in principle with those appearing on the present record, the appeal in the case of Stone v. Ledbetter, 191 N.C. 777,133 S.E. 162, was dismissed ex mero motu. The present appeal will be treated in like fashion. The following authorities are also in support of this disposition of the case: Pentuff v. Park, 195 N.C. 609, 143 S.E. 139;S. v. Crowder, 195 N.C. 335, 142 S.E. 222; S. v. Surety Co., 192 N.C. 52,133 S.E. 172; Trust Co. v. Parks, 191 N.C. 263, 131 S.E. 637;Finch v. Commissioners, 190 N.C. 154, 129 S.E. 195; S. v. Butner,185 N.C. 731, 117 S.E. 163; Rose v. Rocky Mount, 184 N.C. 609,113 S.E. 506; S. v. Johnson, 183 N.C. 730, 110 S.E. 782; S. v. Barksdale,183 N.C. 785, 111 S.E. 711; Buggy Co. v. McLamb, 182 N.C. 762,108 S.E. 344; S. v. Satterwhite, 182 N.C. 892, 109 S.E. 862;Howard v. Speight, 180 N.C. 653, 105 S.E. 35; S. v. Trull,169 N.C. 363, 85 S.E. 133.
By requesting and consenting to such a long extension of time for settling case on appeal, the plaintiffs put it out of their power to have the case ready for hearing as required by the rules. This, they did at the peril of losing their right of appeal. Trust Co. v. Parks, supra. *Page 791 
We have recently been called upon to consider a number of procedural questions: Reid v. Reid, ante, 740 (order vacated because signed by special judge out of county in which cause was pending); Ellis v. Ellis, ante, 708 (dismissed for failure to file brief and to send up necessary parts of record proper); Carter v. Bryant, ante, 704 (affirmed for failure to serve proper statement of case on appeal); Rasberry v. Hicks, ante, 702 (dismissed as moot); Waters v. Waters, ante, 667 (dismissed for failure to send up necessary parts of record proper); Smith v. Smith, ante, 463 (affirmed for failure to serve statement of case in time); S. v.Hayeslipps, ante, 636; S. v. Massey, ante, 601; S. v. Harris, ante, 377; S.v. Sharpe, ante, 377, and S. v. Bynum, ante, 376 (all capital cases dismissed for failure to prosecute appeals); Roberts v. Bus Co.,198 N.C. 779 (order striking out statement of case on appeal because not served in time (one day late), affirmed); see, also, Hardee v.Timberlake, 159 N.C. 552 (dismissed because case on appeal served two days late); and Guano Co. v. Hicks, 120 N.C. 29(certiorari denied because case on appeal served one day late); Kerr v.Drake, 182 N.C. 764 (motion to reinstate denied because case on appeal not served in time); Plott v. Construction Co., 198 N.C. 782
(dismissed for failure to send up necessary parts of record proper); R. R.v. Brunswick County, 198 N.C. 549 (dismissed because no entry of appeal appeared on record); see, also, Mfg. Co. v. Simmons,97 N.C. 89 (dismissed for failure to note entry of appeal); Casey v.R. R., 198 N.C. 432 (dismissed for failure to reduce evidence to narrative form); Greene v. Stadiem, 197 N.C. 472 (dismissed becausecoram non judice): Schwarberg v. Howard, 197 N.C. 126 (dismissed for failure to send up necessary parts of record proper); Cecil v. Lumber Co.,197 N.C. 81 (dismissed for failure to group exceptions and assignments of error); see, also, Rawls v. Lupton, 193 N.C. 428, andByrd v. Sutherland, 186 N.C. 384, on assignments of error;S. v. Beasley, 196 N.C. 797 (dismissed as a nullity); Johnsonv. Mills Co., 196 N.C. 93 (dismissed as premature);Abbitt v. Gregory, 196 N.C. 9 (dismissed as premature); Covington v.Hosiery Mills, 195 N.C. 478 (dismissed for failure to file brief and inattention); S. v. Taylor, 194 N.C. 738 (dismissed for failure to prosecute appeal); S. v. Angel, 194 N.C. 715 (certiorari denied for want of meritorious showing — failure to show probable error — and appeal dismissed for laches); S. v. Butner, 185 N.C. 731 (certiorari
denied for failure to "allege error and assign meritorious grounds for the appeal"); Womble v. Gin Co., 194 N.C. 577 (alias certiorari denied for want of meritorious showing); Bisanar v. Suttlemyre, 193 N.C. 711
(judgment vacated because signed out of the county and out of the district); Dunn v. Taylor, 187 N.C. 385 (order *Page 792 
stricken out because signed by judge after leaving bench); Trust Co. v.Miller, 191 N.C. 787 (dismissed for failure to file requisite number of transcripts in pauper appeal); S. v. Farmer, 188 N.C. 243 (dismissed for failure to bring appeal to next succeeding term of Supreme Court); Tripp v.Somersett, 182 N.C. 767 (dismissed for failure to bring appeal to next succeeding term); Ross v. Robinson, 185 N.C. 548 (dismissed as frivolous); Hotel Co. v. Griffin, 182 N.C. 539 (dismissed as frivolous);S. v. McDraughan, 168 N.C. 131 (dismissed for failure to send up indictment, or to supply copy of lost bill); Cressler v. Asheville,138 N.C. 482 (certiorari denied and judgment affirmed because stenographer's notes sent up as "case on appeal"); Sigman v. R. R.,135 N.C. 181 (no error found after referring transcript to clerk "to put the record in prescribed shape"); Burrell v. Hughes,120 N.C. 277 (dismissed for failure to bring appeal to next succeeding term, the Court stating in the opinion that "There are some matters at least which should be deemed settled, and this is one of them");S. v. May, 118 N.C. 1204 (dismissed because organization of court not shown in transcript); S. v. Smith, 152 N.C. 842
(dismissed for failure to aver in affidavit that application to appeal in forma pauperis in criminal action "is in good faith"); Honeycuttv. Watkins, 151 N.C. 652 (dismissed on ground of defective affidavit to appeal in forma pauperis in civil action); S. v. Keebler, 145 N.C. 560
(dismissed because defendant had escaped and fled the jurisdiction); Bowenv. Fox, 99 N.C. 127 (dismissed for failure to give necessary undertaking on appeal); S. v. Wagner, 91 N.C. 521 (dismissed for failure of surety on appeal bond to justify); S. v. Butts, 91 N.C. 524 (certiorari issued to ascertain whether "court was held by judge authorized to hold it, and at the place and time prescribed by law"); Burton v. Realty Co., 188 N.C. 473
(controversy without action dismissed because no real "question in difference"); Grandy v. Gulley, 120 N.C. 176 (controversy without action dismissed for failure to accompany agreed statement of facts with necessary affidavit).
We are minded to say, that hereafter, in disposing of appeals for failure to comply with the rules, the Court shall not feel impelled to state the reasons for its decisions, or to file written opinions in such cases. Hence, when a case is dismissed on authority of Pruitt v. Wood (this case), the profession will understand that it is for a failure in some respect to comply with the rules, whether specifically mentioned herein or not, and that the Court cannot pause to discuss the procedural question, but must conserve its time for the consideration of other matters.
Appeal dismissed. *Page 793