On 2 June, 1927, W. H. McNeill executed and delivered to the plaintiff a promissory negotiable note for the sum of $350. The note contained the following clause: "The subscribers and endorsers hereof hereby agree to remain and continue bound therefor, notwithstanding any extension or extensions of the time of payment of it, or any part of it, and notwithstanding any failure or omission to make presentment or demand for its payment or to protest it for nonpayment or to give notice of its nonpayment or dishonor or protest, and hereby expressly waive any and all presentment or demand for its payment, and protest for its nonpayment, and any and all notice of any extension or extensions of time of payment of it, or any part of it, or of its nonpayment or dishonor or protest or any other notice whatsoever, and further agree to be liable for all costs of collection." The defendant Cameron endorsed the note before it was delivered to the bank. It appears from the pleadings that the maker, W. H. McNeill, died some time prior to 24 September, 1927, leaving a last will and testament and appointing therein the defendants, Claude B. Woltz and W. H. McNeill, Jr., executors of said will. Said executors qualified on 24 September, 1927. After the death of the maker the bank presented the note to said executors and they endorsed their names on the back of the note according to the testimony, "simply allowing the note as an obligation of the estate." The executors paid the interest once or twice, paying it 30 July, 1928. The defendant Cameron was not present at the time the executors endorsed their names on the back of the note, and apparently knew nothing about it, or certainly did not consent thereto. On 8 July, 1930, this *Page 180 
action was instituted by the Page Trust Company, the holder of the note, against the executors and Cameron, the endorser. The defendant Cameron filed an answer alleging that the estate of defendant, W. H. McNeill, the deceased maker of the note, had sufficient property to pay all debts, including said note, and that the plaintiff had permitted said property or a part thereof to be sold at public auction, and the proceeds of the sale diverted and appropriated to the use and benefit of the beneficiaries named in the will, without undertaking to assert any right to said funds.
It was further alleged that as the plaintiff had accepted interest on said note and extended the time of payment after the death of the maker, without notice to the defendant endorser, that such conduct released and discharged the endorser from all liability. The defendant Cameron further alleged that after the death of W. H. McNeill he went to see the plaintiff and its attorney, and that plaintiff assured him that the estate of McNeill was sufficient and solvent and able to pay and discharge all his debts, and that the defendant need not give himself any more concern about the matter. The only witness offered at the trial by either party was the cashier of plaintiff, who testified that the defendant Cameron endorsed the note; that no part of it had been paid; that the bank had accepted interest once or twice from the executors, and that the interest had been paid on the note to 30 July, 1928. The note was offered in evidence. Thereupon the plaintiff rested, and the defendant Cameron moved for judgment of nonsuit.
It may be implied from the record that the trial judge entered a judgment as follows: "When the plaintiff rested the defendant, A. B. Cameron, moved for judgment as of nonsuit. The motion is allowed as to the defendant, A. B. Cameron, upon the evidence before the court, and it further appearing that the provision in the note for the extension of time did not bind the defendant Cameron beyond the death of W. H. McNeill, he not assenting to the bank's contract for the extension to the estate. This judgment of nonsuit is as to the defendant, A. B. Cameron only; there being no answer filed by the executors, judgment for the amount claimed by the plaintiff on the note is granted."
The record purports to contain a case on appeal, but the same is not signed by counsel nor by the judge; nor does it appear that it was ever served on anybody. There is no judgment in the record signed by the judge, although the record does disclose that the trial judge signed the "entries of appeal." What purports to be a judgment precedes the "entries of appeal." There was allegation in the answer *Page 181 
that the maker of the note, W. H. McNeill, died after 29 June, 1927, and that his executors were duly qualified on 24 September, 1927. The evidence, however, discloses that McNeill, the maker of the note, died in May, 1927, and therefore he was dead before the note was ever signed.
The Court deems it inadvisable to decide an important question upon the present record, and the appeal is dismissed upon the authority of Pruitt v.Wood, 199 N.C. 788.
Appeal dismissed.