N. T. PENLAND v. R. J. REYNOLDS TOBACCO COMPANY.

(Filed 8 January, 1932.)

**Appeal and Error E a—Appeal in this case dismissed for insufficiency of the record.**

Where on appeal to the Supreme Court the only exceptions and assignments of error are to the judgment of the Superior Court overruling the plaintiff's exceptions and assignments of error relating to a part of the charge of the judge of the general county court on the issue of negligence, and the issues and answers thereto and the judgment of the county court do not appear of record, the appeal will be dismissed, the Supreme Court being unable to determine from the record whether the answer of the jury to the issue of contributory negligence rendered the alleged error immaterial.

STACY, C. J., not sitting.

APPEAL by plaintiff from *Harding, J.,* at June Term, 1931, of BUNCOMBE. Appeal dismissed.

This is a civil action for actionable negligence tried before Guy Weaver, judge, and a jury, February Term, 1930, General County Court of Buncombe County.

The plaintiff, on 16 November, 1929, bought a plug of Reynolds' Suncured Chewing Tobacco from Young Brothers store, at Woodfin, N. C., which was manufactured by defendant R. J. Reynolds Tobacco Company. Later in the evening, in the presence of several men, plaintiff attempted to take a chew from the tobacco, felt something hard which he thought was a stem, attempted to bite through it, cracking one tooth and injuring another. He found a nail embedded in the tobacco. Plaintiff testified as to his suffering from the injury; was treated at least fourteen times by the dentist, incurring a bill of $75.00.

The defendant denied the material allegations of the complaint and denied that it was guilty of any negligence, and set up the plea of contributory negligence. As further defense and answer defendant alleges: "That the defendant is a corporation engaged in the manufacture

of chewing and smoking tobacco, and of selling the same to the general wholesale trade throughout the United States, and that in the manufacture of said products the defendant uses the most up-to-date methods which are approved and in general use, and this defendant also avers that in the manufacture of its products the most up-to-date, approved and efficient machinery is used for the purpose of removing any impurities or foreign substances from the tobacco, and that the said machinery is operated by employees in the exercise of reasonable and ordinary care, and this defendant again avers that if any foreign substance or deleterious matter such as a nail was found in a plug of tobacco manufactured by this defendant, which is again expressly denied, that the presence of the said foreign substance or deleterious matter was not due to any negligence on the part of this defendant but due instead to a pure accident."

*J. W. Pless for plaintiff.*
*Johnson, Smathers & Rollins for defendant.*

CLARKSON, J. From the pleadings in this cause the usual issues are as follows: (1) Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? (2) Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer? (3) What amount of damage, if any, is plaintiff entitled to recover?

The action was commenced in the General County Court of Buncombe County. From the charge of the judge in the general county court, it appears that the above issues were submitted to the jury, but the issues and answers thereto and judgment of the general county court, do not appear in the record. The material exceptions and assignments of error made by plaintiff in the general county court relate to certain evidence and the charge on the first issue as to negligence. From the record we do not know how the issues were answered.

We have frequently called to the attention of the profession the importance of care being taken in making up appeals to this Court. We have spent considerable time in examining the record and briefs in this action, so that an opinion could be written as to an interesting question of law presented, on the judge's charge in the General County Court of Buncombe County, to which plaintiff excepted and assigned error. On appeal to the Superior Court the plaintiff's exceptions and assignments of error were overruled by the Superior Court and plaintiff then appealed to the Supreme Court, relying alone on the exception and assignment of error in reference to certain parts of the charge of the judge in the General County Court of Buncombe County relating

to the issue of negligence. No issues and answers thereto or judgment in the general county court, from which plaintiff appealed to the Superior Court, making exceptions and assignments of error, appear in the record. The only exception and assignment of error on appeal to this Court by plaintiff applies to the alleged error on the issue of negligence, *non constat* the second issue of contributory negligence may have been decided against plaintiff and the alleged error on the first issue, of which plaintiff complains of the charge of the judge in the General County Court of Buncombe County, even if valid, would be immaterial and not prejudicial. We just do not know how this is.

The appeal of plaintiff is dismissed. *Pruitt v. Wood,* 199 N. C., 788. Dismissed.

STACY, C. J., not sitting.