Civil action to recover wages allegedly due on written contract.
In amended complaint appearing in the record plaintiff alleges:
That defendant is a North Carolina corporation maintaining an office and manufacturing plant in Gastonia, in Gaston County, North Carolina.
"2. That a sufficient amount of the manufactured products of the defendant corporation entered interstate commerce to place same and its employees under the National Labor Relations Acts of the Congress of the United States, during the period of employment as hereinafter alleged.
"3. That during the year commencing May 16th, 1938, and ending one year thereafter, the plaintiff and defendant, for himself and all other employees of the Gastonia Weaving Company were working said plant under a written contract, copy of which is hereto attached and made a part hereof as fully as if fully written herein, same having been duly signed by Ben Reis, president, and attested by its secretary, on or about the 12th day of May, 1938. That said contract was executed and delivered and was duly published in the Gastonia Daily Gazette on the 5th day of May, 1938.
"4. That work was commenced under said contract on the 16th day of May, 1938, and the defendant did willfully, wantonly and maliciously and with a purpose of oppressing this plaintiff placed him on a job paying $9 weekly less than he drew beforehand, while employees who were his juniors in time of employment held jobs paying $25 weekly in violation of the conditions of said contract and did persistently refuse in any manner to comply with the terms thereof for reasons as aforesaid during the period of 51 weeks, covered by said contract, thereby damaging this plaintiff in the sum of $383 in actual damages for wages due him under said contract, fraudulently withheld as aforesaid.
"5. That by reason of the willful, wanton, malicious and oppressive manner of so withholding his wages and refusing to consider the terms and conditions of said contract, the defendant should be taxed punitive damages in the full sum of one thousand dollars.
"6. That plaintiff is informed, believes, and so avers, that said contract comes under the protection of the National Fair Labor Standards Act of the Congress of the United States and that under said statutes he is entitled to collect a penalty in a sum equal to the wages wrongfully and unlawfully withheld as aforesaid as well as an additional penalty of attorneys' fees necessary in collecting said indebtedness."
The written contract referred to and made a part of the third paragraph of and attached to complaint bearing date 4 May, 1938, purporting *Page 422 
to be between Gastonia Weaving Company, a corporation organized under the laws of North Carolina, with principal office and place of business in Gastonia, in Gaston County, North Carolina, and "Cooperative Fellowship Club of Gastonia, North Carolina, and representative of the employees at the Gastonia Weaving Company," reads in pertinent parts as follows:
"That the above named parties mutually covenant and agree each with the other as follows: (1) The Gastonia Weaving Company does hereby recognize the Co-operative Fellowship Club as the bargaining agent for all of its employees engaged in the productive department and paid on an hourly or piecework basis, excluding clerical forces, supervisory forces and watchmen. (2) That it will be the policy of the company during the life of this agreement to comply with the National Labor Relations Act. (3) That the wage rates in effect at the plant of the Gastonia Weaving Company on February 28, 1938, will be continued during the effective period hereof. (4) Hours of labor shall be eight hours per day and forty hours per week. Any employee working in excess of eight hours in any one day or in excess of forty hours in any one week shall be paid time and one-half for all such overtime; but no employee shall be paid both daily and weekly for the same hours worked. (5) It is understood that in all cases of promotion of employees and increase or decrease in the number of employees, length of service and ability shall prevail. (6) Should difficulties arise between the Gastonia Weaving Company and any of its employees as to the meaning and application of any provision of this agreement, or should any employee feel that he has been treated unjustly, he or his representative or representatives may take up his grievances with his immediate superior, who will give them prompt attention; failing satisfactory explanation or settlement, he or they may appeal to the president of the company or his representative and failing satisfactory explanation or settlement, then in such event such dissatisfied employee or his representative shall have the right to have his grievances arbitrated in the following manner: (specifically set out). (7) The management of the plant, the direction of the working forces and the right to hire, suspend or discharge are vested exclusively in the Gastonia Weaving Company. (8) . . . (9) It is agreed by both parties hereto that those on the pay roll of February 28th, 1938, including those temporarily absence because of illness or otherwise and excluding those that have since been discharged or quit for cause shall govern with reference to seniority in hiring or tenure of employment. (10) This agreement shall become effective as of May, 1938, and remain in full force and effect for a period of one year thereafter."
Defendant demurs to complaint for that it does not state facts sufficient to constitute a cause of action inter alia in that "(b) By the terms *Page 423 
of said contract which constitutes the basis of the plaintiff's action, it is made to appear that said contract applied solely and exclusively for `employees engaged in the production department and paid on an hourly or piecework basis,' and it does not appear from the face of said complaint that plaintiff was employed in the production department of said plant or was to be paid on an hourly or piecework basis, but it does appear from the face of said complaint that plaintiff was employed on a weekly basis. . . . (d) The said contract purports to be made between the Co-operative Fellowship Club and the defendant herein. The complaint does not recite that the Co-operative Fellowship Club is an incorporated body but does import itself to be an unincorporated labor Union and being such does not establish contractual relations between the defendant and individual members of an unincorporated labor union so as to sustain an action thereon by the individual members thereof against this defendant."
From judgment sustaining demurrer plaintiff appeals to Supreme Court, and assigns error.
It appearing from the alleged agreement upon which the action is based that Co-operative Fellowship Club is designated the bargaining agent for all the employees of defendant paid on an hourly or piecework basis, and that plaintiff was employed on weekly basis, the demurrer was properly sustained.
Attention is called to Rule 22 of the Rules of Practice of the Supreme Court, 213 N.C. 808, which provides that in a pauper appeals "nine legible" typewritten copies of transcript and brief may be filed. This is mandatory. Pruitt v. Wood, 199 N.C. 788, 155 S.E. 924.
Affirmed.