## MRS. RUBYE A. LOWRY v. SCOTT DILLINGHAM.

(Filed 18 September, 1957.)

**Appeal and Error § 16—**

In order to preserve the right to review a judgment overruling a demurrer other than a demurrer for misjoinder of parties and causes or demurrer to the jurisdiction, appellant must move for *certiorari* within thirty days from the entry of such judgment. Rule of Practice in the Supreme Court 4(a).

DEFENDANT appeals from an order, overruling a demurrer to the complaint, entered by *Sink, E. J.,* May 27, 1957 Term, BUNCOMBE.

The complaint in substance alleges: Defendant procured Hazel Rice to execute a negotiable note to him in 1954 for $50,000, purporting to be for the purchase of real estate in Buncombe County, and secured by deed of trust on the land; on 13 May 1955 plaintiff was induced to purchase the note by the false and fraudulent representations of defendant's agent (a) that Hazel Rice was solvent, (b) that the note was in fact a purchase money note, (c) that prior encumbrances on the property were not in default, (d) that the property had originally sold for $150,000, (e) that defendant was a man of large means and financially responsible; that defendant guaranteed payment of the note; that the note has matured but has not been paid, though demands have been made for payment on both the maker and the defendant. Plaintiff seeks to recover the sum of $50,000 with interest, with the right to have execution against the person.

Defendant demurred for that: (1) the complaint states a cause of action against the defendant and his agents and the agents have not been made parties defendant; (2) plaintiff has attempted to assert distinct causes of action without stating each as a separate cause of action; (3) the note referred to did not in fact disclose that defendant had guaranteed payment; (4) the allegations of the complaint were vague and indefinite and did not set out the time when and place where the fraudulent representations were made; and (5) the complaint did not allege that plaintiff had listed and paid taxes on the note.

*Horner & Gilbert for plaintiff appellee.*
*Styles & Styles for defendant appellant.*

PER CURIAM.   The statute, G.S. 1-127, enumerates the cases in which a demurrer may be appropriately interposed.   Rule 4(a) of the Court, 242 N.C. 766, fixes the time when a litigant may, by appeal, review a judgment overruling a demurrer.   *Winston-Salem v. Coach Lines,* 245 N.C. 179.   The rules are mandatory and when ignored an appeal will be dismissed.   *S. v. McNeill,* 239 N.C. 679, 80 S.E. 2d 680; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126.   This appeal is not permitted by the rule.   The appeal is

Dismissed.