## D. H. TRUELOVE v. W. B. NORRIS.

(Filed 23 March, 1910.)

1. Appeal and Error—Laches—Motion to Dismiss.

Transcripts of cases on appeal should be docketed in the Supreme Court, under Rule 5, seven days before the beginning of the call of the district; and if not, the appeal may be dismissed under Rule 17. The appellant having failed to print and file his brief by the following Saturday, appellee could have filed his motion to dismiss with the clerk on that ground under Rule 34.

**2. Attorney and Client—Same—Duty of Attorney.**

It is the duty of appellant to see that the transcript of the case on appeal is sent up in apt time, docketed, printed and the brief prepared and printed, and upon his failure to do so without a sufficient legal excuse, the case will be dismissed on proper motion made by the appellee.

**3. Appeal and Error—Laches—Clerk's Fees—Motion to Dismiss.**

The mere fact that appellant tendered payment to the Superior Court Clerk of his fees for transcript on appeal, and the clerk said he would send up the transcript without payment, that the bond was good, etc., is no sufficient legal excuse for the failure to docket under Rule 5.

**4. Appeal and Error—Laches of Attorney—Remedy.**

The appellant's attorney is his agent to attend to the perfecting of the appeal, and his remedy is against the agent in event of loss by the latter's laches.

APPEAL by plaintiff.   The facts are stated in the opinion of the Court.

*L. B. Chapin* for plaintiff.
*E. F. Young* and *N. L. Godwin* for defendant.

PER CURIAM.   Motion to docket and dismiss under Rule 17 for failure to send up transcript in proper time.   Also to dismiss under Rule 30 for failure to print record, and under Rule 34 for failure to print appellant's brief by noon of Saturday before the call of the district to which this appeal belongs.   The appellant's counsel opposes these motions, and asks to docket the appeal now and to continue the cause.

It appears that at November Term, 1909, of Harnett there was a motion to set aside a judgment which had been rendered at the preceding term.   By consent, judgment was to be entered out of term, as of November term.   On 10 January, 1910, the judgment setting aside the previous judgment was filed.   By agreement of counsel, the record was to constitute the case on appeal and time was allowed till 10 February to file appeal bond, which was done.

The transcript should have been docketed here under Rule 5, by 10 A. M., 8 March, *i. e.*, seven days before the beginning of the call of the district to which the case belongs.   This not being done, the appellee could have then docketed and moved to dismiss, and as the appellant's brief was not printed and filed with the clerk by noon of the following Saturday, the appellee could have then filed his motion in the clerk's office to dismiss on that ground.   *Vivian v. Mitchell,* 144 N. C., 472; *Cozart v. Assurance Co.,* 142 N. C., 523; *Barber v. Justice,* 138 N. C., 21.

Appellant's counsel files his affidavit that he asked the clerk to send up the appeal and said to him that if he wanted his fees he would pay them in advance, and the clerk said the bond was good and he would send up the transcript. The clerk says he has no recollection of such conversation. But it is immaterial how that may be. As we said, in *Pain v. Cureton,* 114 N. C., 606, even if appellant had paid the clerk's fees for the transcript, he could not "thereafter leave the appeal to take care of itself like a log floating down a river or corn put into the hopper of a mill." The appellee has rights, and among them the right to have the appeal dismissed if not docketed in the prescribed time—unless the appellant is without laches. It was the duty of the appellant not merely to ask the clerk to send up the transcript, but to see that it was sent up in apt time, docketed, printed, and brief prepared and printed. The counsel is merely the agent of appellant in the duties of sending up, docketing and printing the transcript, and his negligence is that of the client. This has been often held. *Vivian v. Mitchell,* 144 N. C., 477, citing *Calvert v. Carstarphen,* 133 N. C., 26, 27; *Edwards v. Henderson,* 109 N. C., 84.

Neglect could scarcely have been greater than in this case. The appellant knew not only that the transcript should have been sent up before 10 A. M., 8 March, but docketed by that time. He took no steps to ascertain that these things were done. He knew that, in addition, his brief must be prepared, printed and filed by noon of the Saturday following, and that the transcript must also be printed. He took no steps to these ends.

If an appellant is damaged by the negligence of his agent in these matters, his remedy for any loss is against his agent. The appellee cannot be deprived of his rights by the negligence of the appellant or his agent.

Appeal dismissed.