## S. W. CARROLL v. VICTORY MANUFACTURING COMPANY.

(Filed 20 October, 1920.)

**Appeal and Error—Docketing Transcript—Appeal Dismissed—Rules of Court.**

It is the personal duty of appellant to see that the transcript of his appeal is docketed seven days before beginning the call of the docket of the district in the Supreme Court to which it belongs, etc., Rule 5, which neglect of counsel or delay of the clerk of the superior Court will not excuse; and no later time is given because two districts are heard in one week.

APPEAL by defendant from *Allen, J.,* at April Term, 1920, of CUMBERLAND.

Motion to docket and dismiss under Rule 17.

*A. M. Moore and Cook & Cook for plaintiff.*
*Oates & Herring and Rose & Rose for defendants.*

PER CURIAM. The defendants filed motion Tuesday, 5 October, 1920, at 9:30 a. m., to docket and dismiss the appeal in this case. The plaintiff filed his transcript on appeal thereafter at 11:15 a. m. the same day.

Rule 5 of this Court (174 N. C., 828) provides: "Rule 5. *When heard.* The transcript of the record on appeal from a judgment rendered before the commencement of the term of this Court must be docketed at such term 7 days before entering upon the call of the *docket* of the district to which it belongs, and stand for argument in its order; if not so docketed, the case shall be continued or dismissed under Rule 17, if the appellee files a proper certificate prior to the docketing of the transcript."

This rule has been often before us for construction. One of the most recent cases is *Cox v. Lumber Co.,* 177 N. C., 227, a case "on all fours" with this, in which the reasons for the rule, and the necessity for its observance were again fully discussed, with citations of authorities, and the appeal was dismissed.

In *Hawkins v. Tel. Co.,* 166 N. C., 213, it was held "the transcript *must* be filed before Tuesday, 10 a. m., of the week preceding the call of the docket, citing many cases, to which we refer as evidence of the uniform practice of this Court. Among numerous other cases to the same purport, *Truelove v. Norris,* 152 N. C., 755, and *Hewitt v. Beck, ib.,* 757, in both of which we said, as in many other cases, that this is a duty personal to the appellant, and is not excused by the neglect of his counsel, who in this matter is "the agent or attorney in fact of his client, and his negligence is the negligence of the appellant." Nor would the delay of the C. S. C. be an excuse, for the appellant should docket the title of the case with affidavits as to the cause of the delay, and apply for a *certiorari.*

In these cases the Court hold that it is not discretionary with us to refuse to dismiss, which we cannot do unless "sufficient legal excuse is shown."

It admits of a *mild surprise* that notwithstanding the rule so plainly stated, and so uniformly enforced, that any appellant should fail to docket a case within the ample time allowed by the rule, and if he fails to do so should seek to be excused from the consequences of his neglect. *Truelove v. Norris, supra.*

The appellant seeks to distinguish this case on the ground that the 8th and 9th districts are docketed in the same week, and the appeals from the 9th are not called before Wednesday. But all the cases from

both districts are required to be docketed for the same week, and transcripts are required to be filed "seven days before entering upon the call of the *docket.*" Under Rule 7, the "docket" is called in its order, but for convenience only, cases from the 9th district are not heard before Wednesday (and hereafter not before Thursday). But this did not give appellant until Wednesday of the week preceding to docket cases from the 9th district. It would be as admissible to contend that inasmuch as the cases from the 8th district cannot in fact be called before Thursday or later, if toward the end of the docket, therefore, the transcript in those cases need not be docketed more than 7 days before they are actually called for argument.

Owing to the uncertainty as to the application of the rule when the docket for the week includes two districts, it will not apply to this case, nor to any other cases *at this term* docketed 7 days before beginning the call of the second district (if from that district), when there are two districts assigned to the same week. But after this term, all appeals from any district must be docketed by 10 a. m. of Tuesday of the preceding week.

Motion denied.

Same decision denying motion to dismiss in *Campbell v. Pearce,* No. 301.