STATE v. D. J. WARD.

(Filed 4 November, 1920.)

**1. Appeal and Error—Docketing—Dismissal—Rules of Court.**

An appeal to the Supreme Court from a judgment rendered prior to the commencement of a term thereof, must be docketed at the next succeeding term, or, on motion, it will be dismissed. Rule 5.

**2. Homicide—Murder—Evidence.**

Evidence that the prisoner shot at the deceased four times, two of the shots taking effect after the deceased had fallen, with malice and without provocation or legal excuse, is sufficient for conviction of murder in the first degree.

**3. Trials—Remarks of Counsel—Homicide—Murder.**

A remark by the solicitor when selecting a jury for trial for murder, that he understood the defendant did not deny the killing, is not objectionable as an improper one, when the sole defense was insanity.

**4. Trials—Homicide—Murder— Insanity— Drunkenness— Questions and Answers—Appeal and Error.**

A question asked by the solicitor, on cross-examination on the trial for murder, defended on the plea of insanity, as to 'whether the defendant did not get into a high temper when drunk, is competent under evidence that he was drunk at the time of the homicide, and if otherwise, is not prejudicial when the witness has stated that he had never appeared to be' dangerous when drinking.

**5. Homicide —Murder —Insanity —Drunkenness —Evidence —Experts— Witnesses—Hypothetical Questions.**

When the defense of insanity is interposed on a trial for. murder and there is evidence that the prisoner had been drinking at the time of the crime, a question asked a medical expert, on cross-examination, whether, in his opinion, the prisoner was under the influence of whiskey or was crazy, if he could walk straight and carry on a rational conversation, is a proper one, when based on facts the counsel contended he had proved.

**6. Appeal and Error—Objections and Exceptions—Evidence—Argument.**

An exception to evidence not taken until the case on appeal to the Supreme Court was served, will not be considered; as also to the course of the argument, if not taken in apt time.

APPEAL by defendant from *Guion, J.,* at the January Term, 1920, of COLUMBUS.

The defendant was convicted of murder in the first degree at January Term, 1920, of the Superior Court of Columbus County, and appealed from the sentence of death pronounced on the verdict.

The transcript of the record was filed in this Court during this, the fall term, and the State moves to dismiss the appeal because not docketed at the spring term of court.

STATE *v.* WARD.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Irvin B. Tucker and Lewis, Powell & Lewis for defendant.*

ALLEN, J. An appeal from a judgment rendered prior to the commencement of a term of this Court must be docketed in the Supreme Court at the next succeeding term .(Rule 5, *Porter v. R. R.,* 106 N. C., 479), and the defendant having failed to comply with this rule, the appeal is dismissed, not, however, without an examination of the record to see if there is any substantial error, as the life of the defendant is involved.

Three eye-witnesses testified to the shooting of the deceased by the defendant, and that he fired four shots, two of them after the deceased had fallen.

There is not the slightest evidence of provocation or legal excuse, and evidence of malice is abundant.

The defense is insanity, and there is evidence to support it.

The defendant excepted because the solicitor said, while the jury was being selected, that he understood the defendant did not deny the killing.

We see nothing improper in the remark, and it could not have been prejudicial, as the case was tried upon the question of insanity, and it was not disputed that the defendant killed the deceased.

Also to the following question, asked by the solicitor on cross-examination of Josh Nobles:

"Q. When he got drunk or was drinking he was in a high temper was he not?"

The question was permissible, but if not, the answer was favorable to the defendant: "So far as I know he was always about like other men. He was feeling good and all, and always had a whole lot to say and do, and never appeared to be a dangerous man when he was drinking."

There are four other exceptions, none of them with more force than those referred to.

The defendant seems to rely principally on the exception that, "That the court erred in allowing the solicitor for the State to ask the expert witness, Dr. R. B. Whitaker, the following question: 'If the jury should find that the defendant on 28 August left his home some time after 5 o'clock, walked two miles, walked straight, carried on a rational conversation with parties on the road, and after he arrived at Mr. Mercer's he talked to Mr. Mercer in a rational manner, and afterwards he shot the deceased, left there walking straight, carrying on a rational conversation with parties after the shooting, would you say, in your opinion, he was so under the influence of whiskey that he was in a crazy condition

and did not know what he was doing?' and to the answer thereto, as follows: 'If that should be found, I should say no.' "

Dr. Whitaker was examined in behalf of the defendant, and this was in reply.

The defendant propounded a question, based on facts he contended he had proved, and the solicitor, on cross-examination, asked the opinion of the expert on facts he claims were established, which was entirely proper.

The question and answer, however, prove nothing, as any one would say the defendant was not in a crazy condition if he walked straight before and after the killing, and carried on rational conversations before, at the time of, and after the killing.

There is also an exception to a remark of counsel, assisting the State, in his argument to the jury, which we could not consider because the exception was not entered until the case on appeal was served. *S. v. Lewis*, 93 N. C., 581; *S. v. Suggs*, 89 N. C., 527; *Byrd v. Hudson*, 113 N. C., 203. Objection to the course of argument must be taken at the time.

Appeal dismissed.