## STATE v. WILL TAYLOR.

(Filed 21 December, 1927.)

**1. Appeal and Error—Rules of Court—Docketing—Dismissal.**

A prisoner convicted of a capital felony, appealing *in forma pauperis*, must comply with the rules regulating the docketing of cases on appeal, and when he has not done so and fails to file the record proper and move for *certiorari*, on the motion of the Attorney-General the appeal will be docketed and dismissed. Rule 5, 192 N. C., 841, C. S., 4654, allowing the convicted defendant to abandon his appeal in a criminal action in the court below, commented upon.

**2. Same—Record Proper—Motions—Certiorari—Courts—Discretion.**

The motion for a *certiorari* in the Supreme Court by appellant who has failed to docket his case in time under the requirements of Rule 5, may be allowed, in the discretion of the court, upon the docketing of the record proper and the showing as required for merit and want of laches.

**3. Judgments—Capital Felony—Sentence—Statutes—Appeal and Error.**

The judgment in this case sentencing the defendant to death for the commission of a capital felony, though making no reference to the trial or the crime of which the defendant was convicted, while not commended is *held* sufficient. C. S., 4659.

MOTION by the State to docket and dismiss appeal.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

STACY, C. J. This was a criminal prosecution tried at the April Term, 1927, of GASTON Superior Court, upon an indictment charging the prisoner with burglary in the first degree, which resulted in a conviction and sentence of death. The defendant gave notice of appeal, but has failed to prosecute same, though he was allowed to appeal *in forma pauperis.*

It is now the settled rule of procedure that an appeal from a judgment rendered prior to the commencement of a term of the Supreme Court must be brought to the next succeeding term; and, to provide for a hearing in regular order, it is required that the same shall be docketed here fourteen days before entering upon the call of the district to which it belongs, with the proviso that appeals in civil cases (but not so in criminal cases) from the First, Second, Third and Fourth districts, tried between the first day of January and the first Monday in February, or between the first day of August and the fourth Monday in August, are not required to be docketed at the immediately succeeding term of this Court, though if docketed in time for hearing at said first term, the appeal will stand regularly for argument. Rule 5, Vol. 192, p. 841.

The single modification of this requirement, sanctioned by the decisions is, that where, from lack of sufficient time or other cogent reason, the case is not ready for hearing, it is permissible for the appellant, within the time prescribed, to docket the record proper and move for *certiorari,* which motion may be allowed by the Court in its discretion, on sufficient showing made *(S. v. Angel, ante,* 715), but such writ is not one to which the moving party is entitled as a matter of right. *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562.

Indeed, if the record and transcript are not docketed here at the proper time and no *certiorari* is allowed, the court below, on proof of such facts may, on proper notice, adjudge that the appeal has been abandoned, and proceed in the cause as if no appeal had been taken. *Dunbar v. Tobacco Growers,* 190 N. C., 608, 130 S. E., 505; *Jordan v. Simmons,* 175 N. C., p. 540, 95 S. E., 919; *Avery v. Pritchard,* 93 N. C., 266. And it is provided by C. S., 4654, a statute applicable to criminal cases, that if, for any reason, the defendant wishes to withdraw his appeal, before the same is docketed here, he may go, or be taken, before the clerk of the Superior Court in which he was convicted, and, upon signification of his desire, the said clerk is authorized

to enter such withdrawal upon the record of the case, and notify the sheriff, who is directed forthwith to execute the sentence according to the mittimus to him directed.

The prisoner having failed to prosecute his appeal, or to comply with the rules governing such procedure, the motion of the Attorney-General to docket and dismiss must be allowed (S. v. Dalton, 185 N. C., 606, 115 S. E., 881), but this we do only after an examination of the record in the case to see that no error appears on the face of the record, and that none was committed on the trial (the case on appeal having been settled by the judge and being before us), as the life of the prisoner is involved. S. v. Ward, 180 N. C., 693, 104 S. E., 531.

The judgment, while somewhat informal, as it makes no reference to the trial or the crime of which the prisoner was convicted, is, nevertheless, we conclude, sufficient to meet the requirements of C. S., 4659. This statute provides that when a death sentence is pronounced against any person, convicted of a capital offense, it shall be the duty of the judge pronouncing such sentence to make the same in writing, which shall be filed in the papers in the case against such convicted person and a certified copy thereof transmitted by the clerk of the Superior Court, in which such sentence is pronounced, to the warden of the State penitentiary as his authority for executing such death sentence.

After indictment and arraignment duly had, the prisoner was convicted of burglary in the first degree. Dr. L. N. Glenn, a physician, residing with his family in the city of Gastonia, testified that shortly after midnight, 8 February, 1927, he returned to his home where his wife and children were asleep at the time, and apprehended the prisoner standing in the living room of his dwelling-house, down stairs, on the first floor. An altercation ensued; an alarm was given; the police were called, and the prisoner was arrested on the spot, in flagranti delicto.

Nothing was taken from the house, though a chiffonier drawer had been opened, and Mrs. Glenn's purse, which she had left on the table before retiring, had been opened and was lying on the floor. The prisoner had a tack-puller and a pocket knife on his person, and he stated that he came into the house through a window.

While in jail the prisoner told the officers that he went into Dr. Glenn's house "hunting money"; that a colored man by the name of Red was with him, but that the hole in the window was too small for Red to get through, so he remained on the outside.

At the trial the prisoner testified that he was a stranger in Gastonia; that he was on his way from Birmingham, Ala., to Spencer, N. C.; that he got off the train as it passed through Gastonia and asked some

colored boys to show him where he could find a place to sleep; that they took him in an automobile, bought some whiskey, and about 11 o'clock that night "he found himself getting drunk," and that he has no recollection of what happened thereafter, except that when he "came to himself" he was in jail.

The case seems to have been tried in strict compliance with the principles of law laid down in *S. v. Allen,* 186 N. C., 302, 119 S. E., 504, and other cognate cases, hence the appeal must be dismissed.

Appeal dismissed.