## STATE v. PLATO EDNEY.

(Filed 11 May, 1932.)

1. **Criminal Law L a—Appeal in capital case will be dismissed when not prosecuted according to Rules, no error appearing on face of record.**

   Where the prisoner has appealed from a conviction in a capital case and has served his case on appeal which has been filed in the Supreme Court, but the case on appeal contains no assignments of error, has not been printed or mimeographed, and no briefs have been filed, the appeal will be dismissed on motion of the Attorney-General for failure of the prisoner to comply with the Rules of Court, after an examination of the record for error appearing on its face.

2. **Criminal Law K e—Judgment in this case held sufficient to meet requirements of C. S., 4659.**

   It is required that the judge upon conviction in a capital case shall write his sentence which must be filed in the papers of the case and a certified copy thereof transmitted by the clerk to the warden of the State penitentiary, C. S., 4659, and the judgment in this case is held sufficient to meet the requirements of the statute, and is affirmed.

APPEAL by prisoner from *Sink, J.,* at October Term, 1931, of HENDERSON.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of Margie Hill Edney.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*No counsel for defendant.*

STACY, C. J. At the October Term, 1931, Henderson Superior Court, the defendant herein, Plato Edney, was tried upon an indictment charging him with the murder of his wife, Margie Hill Edney, which resulted in a conviction and sentence of death. The prisoner gave notice of appeal to the Supreme Court, and was allowed 90 days from the adjournment of the trial term of court within which to make out and serve statement of case on appeal, and the solicitor was given 60 days thereafter to prepare and file exceptions or counter case.

Service of the prisoner's statement of case on appeal, which contains no assignments of error, was accepted by the solicitor 9 January, 1932, and the same was filed in this Court 4 May, 1932. Nothing more has been done. The record has not been printed or mimeographed, and no briefs have been filed. The case should have been ready for argument 3 May, 1932, at the call of the 18th District, the district to which it belongs. Rule 7, Rules of Practice, 200 N. C., 818; *Carroll v. Mfg. Co.,* 180 N. C., 660, 104 S. E., 528.

The prisoner having failed to prosecute his appeal, or to comply with the rules governing such procedure, the motion of the Attorney-General to affirm the judgment and dismiss the appeal must be allowed (*S. v. Massey,* 199 N. C., 601, 155 S. E., 255, *S. v. Dalton,* 185 N. C., 606, 115 S. E., 881), but this we do only after an examination of the record in the case to see that no error appears on the face thereof, as the life of the prisoner is involved. *S. v. Goldston,* 201 N. C., 89, 158 S. E., 926; *S. v. Ward,* 180 N. C., 693, 104 S. E., 531.

The judgment, while somewhat informal, as it makes no reference to the trial or the crime of which the prisoner was convicted, is, nevertheless, we apprehend, sufficient to meet the requirements of C. S., 4659. This statute provides that when a death sentence is pronounced against any person, convicted of a capital offense, it shall be the duty of the judge pronouncing such sentence to make the same in writing, which

shall be filed in the papers in the case against such convicted person and a certified copy thereof transmitted by the clerk of the Superior Court, in which such sentence. is pronounced, to the warden of the State penitentiary as his authority for executing such death sentence. *S. v. Taylor,* 194 N. C., 738, 140 S. E., 728.

Judgment. affirmed. Appeal dismissed.