STATE v. JOHN LEWIS EDWARDS.

(Filed 22 November, 1933.)

**1. Criminal Law L d—**
    Where no entries of appeal appear in the record or in the clerk's certificate the Supreme Court acquires no jurisdiction.

**2. Criminal Law L a—**
    Where an appeal in a capital case is not prosecuted as required by the Rules of Court the motion of the Attorney-General to docket and dismiss the appeal must be allowed, no error appearing on the face of the record proper.

MOTION by State to docket and dismiss appeal.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

STACY, C. J. At the May Criminal Term, 1933, Mecklenburg Superior Court, the appellant herein, John Lewis Edwards, and another, were tried upon an indictment charging them with the murder of one J. W. Brown, which resulted in a conviction and sentence of death of appellant, and an acquittal and discharge of his codefendant.

From the judgment of death entered against the defendant, John Lewis Edwards, it is suggested that he gave notice of appeal to the Supreme Court, though no entries of appeal appear thereon or in the clerk's certificate.

It was said in *Spence v. Tapscott,* 92 N. C., 576 (as stated in the first head-note, which accurately digests the opinion): "In order for the Supreme Court to acquire jurisdiction, it must appear in the transcript of the record that an action was instituted, that proceedings were had and a judgment rendered from which an appeal could be taken, and that an appeal was taken from such judgment."

To like effect is the decision in *Walton v. McKesson,* 101 N. C., 428, 7 S. E., 566.

But conceding notice of appeal was properly given and inadvertently omitted from the record or the clerk's certificate, it appears that the prisoner has made no effort to prosecute his appeal as required by the rules governing such procedure, and that the motion of the Attorney-General, to docket and dismiss, must be allowed. *S. v. Rector,* 203 N. C., 9, 164 S. E., 339; *S. v. Massey,* 199 N. C., 601, 155 S. E., 255; *S. v. Taylor,* 194 N. C., 738, 140 S. E., 728; *S. v. Dalton,* 185 N. C., 606, 115 S. E., 881.

The appeal should have been ready for argument, 8 November, 1933, at the call of the docket from the Fourteenth District, the district to which the case belongs. Rule 7, Rules of Practice, 200 N. C., 818; *Carroll v. Mfg. Co.*, 180 N. C., 660, 104 S. E., 528.

Nothing entitling the prisoner to a new trial appears on the face of the record or in the clerk's certificate. *S. v. Edney,* 202 N. C., 706, 164 S. E., 23.

Appeal dismissed.