## STATE v. JAMES BROWN.

(Filed 20 June, 1934.)

**Criminal Law L a—**

Where defendant, convicted of a capital felony, fails to make out and serve his statement of case on appeal within the time allowed, his right to do so is lost, and the appeal will be dismissed upon motion of the Attorney-General where no error appears on the face of the record proper.

SCHENCK, J., took no part in the consideration or decision of this case.

MOTION by State to docket and dismiss appeal.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

STACY, C. J. At the March Term, 1934, Forsyth Superior Court, the defendant herein, James Brown, was tried upon an indictment charging him with burglary in the first degree, C. S., 4232, which resulted in a conviction and sentence of death. From the judgment thus entered, the prisoner gave notice of appeal to the Supreme Court, and was allowed thirty days within which to make out and serve statement of case on appeal, and the solicitor was given twenty days thereafter to prepare and file exceptions or countercase, but nothing has been done towards perfecting the appeal, and the time for serving statement of case on appeal has now expired. No bond was required as the prisoner

was granted the privilege of appealing *in forma pauperis*. *S. v. Stafford*, 203 N. C., 601, 166 S. E., 734.

The prisoner having failed to make out and serve his statement of case on appeal within the time allowed has lost the right to do so, and the motion of the Attorney-General to docket and dismiss must be allowed (*S. v. Johnson*, 205 N. C., 610), but this we do only after an examination of the record to see that no error appears on the face thereof, as the life of the prisoner is involved. *S. v. Goldston*, 201 N. C., 89, 158 S. E., 926.

No error appears on the face of the record. *S. v. Edney*, 202 N. C., 706, 164 S. E., 23; *S. v. Hamlet, ante*, 568.

Appeal dismissed.

SCHENCK, J., took no part in the consideration or decision of this case.