## STATE v. JACK HOOKER.

(Filed 28 January, 1935.)

**1. Criminal Law L d—**

The failure of defendant to file a brief on appeal works an abandonment of the assignments of error.

**2. Criminal Law L a—Appeal in this case is dismissed for failure of defendant to prosecute the appeal in accordance with Rules of Court.**

The appeal in this case is dismissed for failure of defendant to prosecute the appeal in accordance with the Rules of Court, the defendant having failed to take any steps toward perfecting the appeal after the service of case on appeal on the solicitor, but as defendant was convicted of a capital felony, the appeal is dismissed only after an inspection of the record for errors appearing on its face.

APPEAL by defendant from *Hill, Special Judge,* at April Term, 1934, of FORSYTH.

Criminal prosecution tried, upon indictment charging the defendant with the murder of one Sallie Anderson.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The defendant gave notice of appeal.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*No counsel appearing for defendant.*

STACY, C. J. The evidence on behalf of the State tends to show that on 4 March, 1934, the defendant shot and killed Sallie Anderson under circumstances indicative of a mind fatally bent on mischief and a heart devoid of social duties. On the day of the homicide the deceased was in her apartment, in company with Bryce Mobley and others, when the defendant appeared at the door and said: "Sallie, when I am talking to you I can't tell you a damned thing. Bryce can. Come here, I have got something to tell you." The defendant and the deceased went into

an adjoining room, "walking side by side." Pretty soon three pistol shots were heard and Sallie Anderson was seen to fall across the bed mortally wounded. Several of the guests fled from the scene.

The defendant contended that the shooting was accidental, but the jury rejected this theory of the killing.

Notice of appeal was given in open court, and the defendant was allowed to prosecute the same *in forma pauperis,* but this has not been done in accordance with the rules governing such procedure. *S. v. Brown,* 206 N. C., 747, 175 S. E., 116. In the first place, the defendant's statement of case on appeal was not served on the solicitor until some time in July, 1934, long after the time for serving the same had expired, *Smith v. Smith,* 199 N. C., 463, 154 S. E., 737, though this may have been extended or waived, *Roberts v. Bus Co.,* 198 N. C., 779, 153 S. E., 398, and nothing more has been done. *S. v. Ray,* 206 N. C., 736, 175 S. E., 109; *Weaver v. Hampton,* 206 N. C., 741, 175 S. E., 110. In the next place, no brief has been filed for the appellant in this Court, which works an abandonment of the assignments of error, *S. v. Lea,* 203 N. C., 13, 164 S. E., 737, and no error appears on the face of the record. *S. v. Hamlet,* 206 N. C., 568, 174 S. E., 451; *S. v. Edney,* 202 N. C., 706, 164 S. E., 23.

The appeal must be dismissed in accordance with the usual practice in such cases. *S. v. Johnson,* 205 N. C., 610, 172 S. E., 219; *Pruitt v. Wood,* 199 N. C., 788, 156 N. C., 126.

Appeal dismissed.