### STATE v. SIDNEY ETHERIDGE.

(Filed 27 February, 1935.)

1. **Criminal Law L a—When case on appeal is not served within time allowed the appeal must be dismissed on motion of Attorney-General.**

    When appellant in a criminal case fails to make out and serve his statement of case on appeal within the time allowed he loses his right to do so, and the appeal must be dismissed on motion of the Attorney-General, but where the life of the prisoner is involved this will be done only after an inspection of the record for errors appearing upon its face.

2. **Same—Clerk of Superior Court should notify Attorney-General of appeal and of any extension of time for perfecting same.**

    When an appeal is taken in a criminal case and the execution of the judgment stayed under C. S., 4654, the clerk of the Superior Court is required to notify the Attorney-General of the appeal, and, if the statutory time for perfecting the appeal is extended, he should notify him of such extension,

MOTION by the State to docket and dismiss appeal.

*Attorney-General Seawell and Assistant Attorney-General Bruton for the State.*

STACY, C. J. At the July Term, 1934, of Onslow Superior Court, the defendant herein, Sidney Etheridge, was tried upon indictment charging him, pursuant to conspiracy with another, with the murder of one Mamie Moore, which resulted in a conviction of "First Degree Murder" and sentence of death. From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court, and was allowed thirty days to prepare and serve statement of case on appeal, and the solicitor was given fifteen days thereafter to serve exceptions or counter-case, but nothing has been done towards perfecting the appeal, and the time for serving statement of case has expired. *S. v. Brown,* 206 N. C., 747, 175 S. E., 116. No appeal bond was required, as the defendant was granted the privilege of appealing *in forma pauperis. S. v. Stafford,* 203 N. C., 601, 166 S. E., 734.

26—207

The prisoner, having neglected to make out and serve his statement of case on appeal within the time allowed, has lost the right to do so, and the motion of the Attorney-General to docket and dismiss must be allowed (*S. v. Johnson,* 205 N. C., 610, 172 S. E., 219), but this we do only after an examination of the record to see that no error appears on the face thereof, as the life of the prisoner is involved. *S. v. Goldston,* 201 N. C., 89, 158 S. E., 926.

No error appears on the face of the record. *S. v. Hamlet,* 206 N. C., 568, 174 S. E., 451; *S. v. Edney,* 202 N. C., 706, 164 S. E., 23. The time for bringing up the appeal has passed. *S. v. Hooker, ante,* 648.

When an appeal is taken in a criminal case and execution of the judgment stayed, as provided by C. S., 4654, it is required of the clerk of the Superior Court that he notify the Attorney-General of the appeal; and, if the statutory time for perfecting the appeal has been extended, this fact should also be brought to his attention. Observance of these requirements would expedite the handling of cases on appeal. *S. v. Casey,* 201 N. C., 620, 161 S. E., 81.

Appeal dismissed.