STATE v. ROLAND EARLE ALLEN AND LOWELL MASSIE.

(Filed 1 November, 1935.)

1. **Criminal Law L a—Appeal in this case is dismissed for defendants' failure to make out and serve statement of case within time fixed.**

    Where defendants fail to make out and serve their statement of case on appeal within the time fixed, they lose their right to prosecute the appeal, and the motion of the Attorney-General to docket and dismiss will be allowed, but where defendants have been convicted of a capital felony, this will be done only after an inspection of the record for errors appearing upon its face. Attention is called to the duty of the clerk of the Superior Court relative to notifying the Attorney-General of appeals in criminal cases. C. S., 4654.

2. **Criminal Law L d—Appellant must docket appeal at first term of Supreme Court after rendition of judgment or apply for certiorari.**

    An appeal must be brought to the first term of the Supreme Court beginning after the rendition of the judgment, and same docketed fourteen days before entering the call of the district to which it belongs, and when this has not been done, and no application for *certiorari* made, the appeal will be dismissed.

MOTION by State to docket and dismiss appeal.

*Attorney-General Seawell and Assistant Attorney-General Aiken for
the State.*

STACY, C. J.   At the September Term, 1934, Rowan Superior Court,
the defendants herein, Roland Earle Allen and Lowell Massie, were
tried upon indictment charging them with the murder of one D. Will
Reeves, which resulted in a conviction of murder in the first degree and
sentence of death as to both defendants.   From the judgment thus
entered, the defendants gave notice of appeal to the Supreme Court, and
by consent were allowed sixty days within which to make out and serve
statement of case on appeal.   The clerk certifies that nothing has been
done towards perfecting the appeal; that the time for serving statement
of case has expired, and that no extension of time for filing same has
been recorded in his office.   *S. v. Williams, ante,* 352; *S. v. Brown,* 206
N. C., 747, 175 S. E., 116.

The prisoners, having failed to make out and serve statement of case
on appeal within the time fixed, have lost their right to prosecute the
appeal, and the motion of the Attorney-General to docket and dismiss
must be allowed.   *S. v. Williams, supra; S. v. Johnson,* 205 N. C., 610,
172 S. E., 219.   It is customary, however, in capital cases, where the
life of the prisoner is involved, to examine the record to see that no error
appears upon its face.   *S. v. Williams, supra; S. v. Goldston,* 201 N. C.,
89, 158 S. E., 926.   This we have done in the instant case without dis-
covering any error on the face of the record.   *S. v. Williams, supra;
S. v. Hamlet,* 206 N. C., 568, 174 S. E., 451.

There is still another reason why the motion of the Attorney-General
must be allowed.   The case was tried and judgment rendered before the
commencement of the Spring Term, 1935, of this Court.   Hence, the
appeal was due to be brought to such term, the next succeeding term,
and docketed here fourteen days before entering upon the call of the
district to which the case belongs.   Failing in this, application for
*certiorari* at the Spring Term was required to preserve the right of
appeal.   *S. v. Harris,* 199 N. C., 377, 154 S. E., 628; *Pruitt v. Wood,
ibid.,* 788, 156 S. E., 126.   The case was neither docketed in time nor
was application for *certiorari* made at the Spring Term.   This was
fatal to the appeal.   *S. v. Rector,* 203 N. C., 9, 164 S. E., 339; *S. v.
Farmer,* 188 N. C., 243, 124 S. E., 562.

Attention is again directed to what was said in *S. v. Etheridge,* 207
N. C., 801, 178 S. E., 556, and *S. v. Watson, ante,* 70, relative to notify-
ing the Attorney-General of appeals in criminal cases as required by
C. S., 4654.

Appeal dismissed.