STATE v. WILLIE McLEOD, ALIAS BUSTER McLEOD.

(Filed 11 December, 1935.)

1. **Criminal Law L a—When case on appeal is not served within time allowed, the appeal must be dismissed on motion of Attorney-General.**

   Where defendant fails to make out and serve his statement of case on appeal within the time fixed, he loses his right to prosecute the appeal, and the appeal will be dismissed upon motion of the Attorney-General, but where defendant has been convicted of a capital felony this will be done

STATE *v.* MCLEOD.

only when no error appears upon the face of the record. Attention is again directed to the duty of the clerk relative to notifying the Attorney-General of appeals in criminal cases, as required by C. S., 4654.

**2. Criminal Law L d—Appellant must docket appeal at first term of Supreme Court after rendition of judgment or apply for certiorari.**

An appeal must be brought to the first term of the Supreme Court beginning after the rendition of the judgment and same docketed fourteen days before entering the call of the district to which it belongs, and when this has not been done, and no application for *certiorari* made, the appeal will be dismissed.

MOTION by State to docket and dismiss appeal.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

STACY, C. J. At the June Term, 1934, Cumberland Superior Court, the defendant herein, Willie McLeod, *alias* Buster McLeod, was tried upon indictment charging him, and another, with the murder of one Herbert Bridgers. The jury "for their verdict say that the defendant Willie McLeod is guilty of murder in the first degree." The judgment of the court was that the defendant suffer death by electrocution.

From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court, and was allowed to prosecute the same *in forma pauperis.* The clerk certifies that nothing has been done towards perfecting the appeal; that the time for serving statement of case has expired, and that no extension of time for filing same has been recorded in his office. *S. v. Williams,* 208 N. C., 352; *S. v. Brown,* 206 N. C., 747, 175 S. E., 116.

The prisoner, having failed to make out and serve statement of case on appeal within the time fixed, has lost his right to prosecute the appeal, and the motion of the Attorney-General to docket and dismiss must be allowed. *S. v. Williams, supra; S. v. Johnson,* 205 N. C., 610, 172 S. E., 219. It is customary, however, in capital cases, where the life of the prisoner is involved, to examine the record to see that no error appears upon its face. *S. v. Williams, supra; S. v. Goldston,* 201 N. C., 89, 158 S. E., 926. This we have done in the instant case without discovering any error on the face of the record. *S. v. Williams, supra; S. v. Hamlet,* 206 N. C., 568, 174 S. E., 451.

There is still another reason why the motion of the Attorney-General must be allowed. The case was tried and judgment rendered before the commencement of the Fall Term, 1934, of this Court. Hence, the appeal was due to be brought to such term, the next succeeding term, and docketed here fourteen days before entering upon the call of the district to which the case belongs. Failing in this, application for

*certiorari* at the Fall Term was required to preserve the right of appeal. *S. v. Harris,* 199 N. C., 377, 154 S. E., 628; *Pruitt v. Wood, ib.,* 788, 156 S. E., 126.   The case was neither docketed in time nor was application for *certiorari* made at the Fall Term.   This was fatal to the appeal. *S. v. Rector,* 203 N. C., 9, 164 S. E., 339; *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562.

Attention is again directed to what was said in *S. v. Etheridge,* 207 N. C., 801, 178 S. E., 556, and *S. v. Watson,* 208 N. C., 70, relative to notifying the Attorney-General of appeals in criminal cases as required by C. S., 4654.

Appeal dismissed.