STATE v. LAWRENCE DINGLE AND GERMIE WILLIAMS.

(Filed 22 January, 1936.)

**1. Criminal Law K e—**
 The statute substituting asphyxiation for electrocution applies only to capital crimes committed after the effective date of the statute.

**2. Criminal Law L d—**
 The failure of defendants to file a brief in the Supreme Court works an abandonment of the assignments of error, except, in cases where defendants have been convicted of a capital crime, those appearing on the face of the record, which are cognizable *ex mero motu.*

**3. Criminal Law L f—**
 Where defendants have been sentenced to asphyxiation for a capital crime committed prior to the effective date of the statute substituting asphyxiation for electrocution, the cause will be remanded for proper judgment in the absence of error entitling defendants to a new trial.

APPEAL by defendants from *Rousseau, J.,* at July Term, 1935, of FORSYTH.  Criminal prosecution, tried upon indictment charging the defendants Lawrence Dingle and Germie Williams with the murder of one John Gant on 28 April, 1935.

Verdict: Guilty of murder in the first degree.

Judgment: "That Lawrence Dingle and Germie Williams suffer death by inhaling lethal gas."

Defendants appeal, assigning errors.

*Attorney-General Seawell for the State.*

STACY, C. J.  The evidence on behalf of the State tends to show that on Sunday morning, 28 April, 1935, about daybreak, the defendants went to the home of John Gant in Forsyth County with intent to rob him, which they did, and in carrying out their purpose the defendant Williams struck Gant over the head with a piece of iron, inflicting mortal injuries.  They then took his money and divided it between them.

The defendants were tried at the July Term, 1935, of Forsyth Superior Court, convicted and sentenced to death by asphyxiation. The judgment is erroneous, as the homicide occurred prior to 1 July, 1935, the day on which the statute changing the mode of execution from electrocution to asphyxiation went into effect. *S. v. Hester, ante,* 99.

The defendants gave notice of appeal in open court, and were allowed to prosecute same *in forma pauperis.* No brief has been filed by the appellants in this Court, which works an abandonment of the assignments of error, *S. v. Hooker,* 207 N. C., 648, 178 S. E., 75; *S. v. Lea,* 203 N. C., 13, 164 S. E., 737, except those appearing on the face of the record, which are cognizable *ex mero motu,* as the lives of the prisoners are involved. *S. v. Edney,* 202 N. C., 706, 164 S. E., 23; *S. v. Goldston,* 201 N. C., 89, 158 S. E., 926; *S. v. Taylor,* 194 N. C., 738, 140 S. E., 728; *S. v. Ward,* 180 N. C., 693, 104 S. E., 531.

No error appears on the record except in the judgment. The cause, therefore, will be remanded for lawful sentences, as was done in *S. v. Hester, supra.*

It is observed that the first name of the defendant Williams is designated "Gernie" in the indictment, while throughout the trial he is spoken of as "Germie," and in the judgment he is styled "Germie Williams." Perhaps a plain case of *idem sonans* (*S. v. Whitley,* 208 N. C., 661; *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352; *S. v. Chambers,* 180 N. C., 705, 104 S. E., 670; *S. v. Drakeford,* 162 N. C., 667, 78 S. E., 308; *S. v. Collins,* 115 N. C., 716, 20 S. E., 452; *S. v. Hare,* 95 N. C., 682; *S. v. Lane,* 80 N. C., 407; *S. v. Patterson,* 24 N. C., 346; 14 R. C. L., 207; 15 R. C. L., 600), but as the cause is to be remanded for proper judgments, this discrepancy will no doubt be eliminated, if deemed material.

Remanded.