## STATE v. BRADY LAURENCE.

(Filed 25 November, 1936.)

**Criminal Law L b—**

Where a defendant fails to make out and serve statement of case on appeal within the time allowed, he loses his right to prosecute the appeal, and the motion of the State to docket and dismiss must be allowed, but where the life of defendant is at stake this will be done only when no error appears on the face of the record proper.

MOTION by the State to docket and dismiss appeal by defendant from *Shaw, Emergency Judge,* at August Term, 1936, of IREDELL. Appeal dismissed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*No counsel for defendant.*

DEVIN, J. At the August Term, 1936, of the Superior Court of Iredell County, said term beginning 3 August, Brady Laurence was tried upon indictment charging him with the murder of one E. Clyde Ervin. The jury returned a verdict of guilty of murder in the first degree, and thereupon sentence of death was pronounced by the court. The defendant gave notice of appeal to the Supreme Court and was allowed thirty days within which to serve statement of case on appeal. Nothing has been done towards perfecting the appeal. The time allowed for serving statement of case has long since expired. *S. v. Moore, ante,* 459.

The prisoner, having failed to make out and serve statement of case on appeal, has lost his right to prosecute his appeal, and the motion of the

State to docket and dismiss must be allowed. However, this being a case in which the life of the prisoner is involved, we have examined the record to see if any error appears on the face of the record. The examination reveals no error. *S. v. Williams,* 208 N. C., 352; *S. v. Kinyon, ante,* 294.

Appeal dismissed.