## STATE v. JAMES McNEILL.

(Filed 24 February, 1937.)

**1. Criminal Law §§ 80, 83—**

　　Where defendant, convicted of a capital crime, fails to make out and serve his statement of case on appeal, the appeal will be dismissed on motion of the Attorney-General in the absence of error on the face of the record, but where the record discloses only error in the judgment, the case will be remanded for proper judgment.

**2. Criminal Law § 61—**

　　The punishment for a capital crime committed prior to 1 July, 1935, is death by electrocution, the statute substituting lethal gas being applicable only to crimes committed on and subsequent to that date. Ch. 294. Public Laws of 1935.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Devin, J.,* at First September Term, 1935, of HARNETT. Remanded.

The defendant was tried on a bill of indictment for murder. There was a verdict against defendant of murder in the first degree and the judgment in the court below was that defendant should suffer death by the administration of lethal gas.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*No counsel for defendant.*

CLARKSON, J. This was a motion made by the Attorney-General and Assistant Attorney-General to docket and dismiss the appeal made by defendant on the ground that "the defendant has failed to serve any case on appeal within the time provided by law, and has failed to perfect the said appeal in the manner required by law." *S. v. Moore,* 210 N. C., 459, and *S. c.,* 686.

In *S. v. Laurence,* 210 N. C., 741 (741-2), is the following: "The prisoner, having failed to make out and serve statement of case on appeal, has lost his right to prosecute his appeal, and the motion of the State to docket and dismiss must be allowed. However, this being a case in which the life of the prisoner is involved, we have examined the record to see if any error appears on the face of the record. The examination reveals no error. *S. v. Williams,* 208 N. C., 352; *S. v. Kinyon, ante,* 294."

The defendant was convicted of murder in the first degree and the judgment of the court below, in part, was as follows: "It is therefore ordered and adjudged that the said prisoner, James McNeill, suffer for his crime the penalty of death as provided by law, and to that end—it is further ordered and adjudged that the sheriff of Harnett County, in whose custody the prisoner now is, forthwith convey to the State's Prison at Raleigh said prisoner, James McNeill, and deliver him to the warden of the said State's Prison, and said James McNeill shall there be safely held until 25 October, 1935, when and where, between the hours of 6 a.m. and 5:00 p.m., he, the said James McNeill, shall suffer death by the administration of lethal gas, in the manner now provided by statute, until said prisoner, James McNeill, is dead."

No error appears on the record except in the judgment. In the record it appears that the defendant killed and murdered Sudie Eason on 12 June, A.D. 1935. The statute that death by administration of lethal gas went into effect "from and after 1 July, 1935." Public Laws 1935, ch. 294. The case is remanded to the lower court in order that proper judgment may be imposed. *S. v. Hester,* 209 N. C., 99. *S. v. Dingle,* 209 N. C., 293, is on "all fours" with the present case.

For the reasons given, the case is

Remanded.

DEVIN, J., took no part in the consideration or decision of this case.