### STATE v. HUDSON ROBINSON.

(Filed 24 November, 1937.)

**1. Criminal Law § 79—**

The failure of defendant to file briefs works an abandonment of the assignments of error, except those appearing on the face of the record, which are cognizable *ex mero motu.*

**2. Criminal Law § 80—**

Where defendant fails to file briefs, the motion of the Attorney-General to dismiss must be allowed, Rules 27 and 28, but in a capital case this will be done only after an examination of the record and case on appeal discloses no error.

**3. Homicide § 25—**

Where there is sufficient competent evidence by the State to sustain a verdict of guilty of murder in the first degree, and evidence in sharp conflict introduced by defendant, the conflicting evidence is for the jury, and defendant's motion to nonsuit is properly denied.

APPEAL by defendant from *Rousseau, J.,* at Regular Criminal June Term, 1937, of MECKLENBURG.

Motion by State to dismiss appeal of defendant.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*
*No counsel for defendant.*

WINBORNE, J. The defendant was tried upon a bill of indictment charging him with the murder of one Albert Downing. There was verdict of murder in the first degree and judgment of death by asphyxiation. Defendant gave notice of appeal to the Supreme Court and was permitted to appeal *in forma pauperis.* The record and case on appeal were duly docketed in this Court, but defendant has filed no brief, which works an abandonment of the assignments of error, *S. v. Hooker,* 207 N. C., 648, 178 S. E., 75; *S. v. Dingle,* 209 N. C., 293, 183 S. E., 376; except those appearing on the face of the record, which are cognizable *ex mero motu. S. v. Edney,* 202 N. C., 706, 164 S. E., 23.

The Attorney-General moves to dismiss the appeal for failure to comply with Rules 27 and 28 of this Court as to filing briefs. This motion must be allowed. *S. v. Kinyon,* 210 N. C., 294, 186 S. E., 368.

However, as is customary in capital cases, we have examined the record and case on appeal to see if any error appears. The only assignments of error are to the refusal of the court below to grant defendant's motion for judgment as of nonsuit. The case on appeal reveals evidence competent and sufficient to sustain the verdict. The evidence for defendant is in sharp conflict with that for the State. This presents a case for the jury. We find no error.

Judgment affirmed and appeal dismissed.