## STATE v. ERNEST FOWLER.

(Filed 4 May, 1938.)

**1. Criminal Law § 79—**

The failure of defendant to file briefs works an abandonment of the assignments of error except those appearing on the face of the record, which are cognizable *ex mero motu.*

**2. Criminal Law § 80—**

Where defendant fails to file brief, the motion of the Attorney-General to dismiss the appeal will be allowed, Rule of Practice in the Supreme Court No. 28, but in capital cases this will be done only after an inspection of the record fails to disclose error.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sinclair, J.,* at 21 September Mixed Term, 1937, of WAKE.

Motion by State to dismiss appeal of defendant.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Willis for the State.*

*No counsel contra.*

PER CURIAM. The defendant was tried upon a bill of indictment charging him with the crime of rape of a female person under the age of twelve years. There was a verdict of guilty, and judgment of death by asphyxiation. Defendant gave notice of appeal to the Supreme Court, and was permitted to appeal *in forma pauperis.* The court below ordered the county of Wake to pay the necessary costs of obtaining transcript of the proceedings and of preparing the requisite copies of the record and briefs on such appeal. The record and case on appeal were duly docketed in this Court, but defendant has filed no brief, which works an abandonment of the assignments of error (*S. v. Hooker,* 207 N. C., 648, 178 S. E., 75; *S. v. Dingle,* 209 N. C., 293, 183 S. E., 376; *S. v. Robinson,* 212 N. C., 536, 193 S. E., 701; *S. v. Hadley, ante,* 427, except those appearing on the face of the record, which are cognizable *ex mero motu*). *S. v. Edney,* 202 N. C., 706, 164 S. E., 23.

The Attorney-General moves to dismiss the appeal for failure to comply with Rule 28 of this Court as to filing briefs. This motion is allowed. *S. v. Kinyon,* 210 N. C., 294, 186 S. E., 368; *S. v. Robinson, supra; S. v. Hadley, supra.*

However, as is customary in capital cases, we have examined the record and case on appeal to see if any error appears. The exceptions

presented are without merit. The record is regular. The case on appeal reveals competent evidence sufficient to sustain the verdict. The charge of the court is not sent up, but the agreed case on appeal discloses that "there are no exceptions to the charge."

We find no error. The judgment is affirmed, and

Appeal dismissed.

SEAWELL, J., took no part in the consideration or decision of this case.