STATE v. ED ROBINSON.

(Filed 2 November, 1938.)

1. **Criminal Law § 71—Affidavit in pauper appeal must be made by defendant.**

    The statute, C. S., 4651, requires that in appeals *in forma pauperis* the statutory affidavit must be made by defendant and not by his attorneys, and the requirements of the statute are mandatory and not directory, and must be complied with in order to confer jurisdiction on the Supreme Court.

2. **Criminal Law § 79—**

    The failure of defendant to file briefs works an abandonment of the assignments of error, except those appearing on the face of the record, which are cognizable *ex mero motu.*

3. **Criminal Law § 80—Appeal dismissed for failure to file affidavit as required by statute and for failure to file briefs.**

    This appeal *in forma pauperis* is dismissed on motion of the Attorney-General for failure of defendant to file the affidavit as required by statute and for failure to file briefs, but as defendant was convicted of a capital felony, the motion is allowed only after an inspection of the record and case on appeal fails to disclose error.

STATE *v.* ROBINSON.

APPEAL by defendant from *Warlick, J.,* at May Term, 1938, of IREDELL.

Motion by State to dismiss appeal of defendant.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*No counsel contra.*

PER CURIAM. The defendant was tried upon a bill of indictment charging him with the crime of rape. There was verdict of guilty of rape as charged in the bill of indictment, and judgment of death by asphyxiation. Defendant gave notice of appeal to the Supreme Court.

Thereupon the court below made an order permitting the defendant to appeal *in forma pauperis.* It appears, however, that the affidavit upon which this order was made is that of the attorneys for the defendant, and not of the defendant, as required by statute. C. S., 4651. The requirements of that statute are mandatory and not directory and unless there is a compliance therewith this Court does not acquire jurisdiction. *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734; *S. v. Holland,* 211 N. C., 284, 189 S. E., 761, and cases cited.

The record and case on appeal were duly docketed in this Court, but defendant has not filed brief, which, if this Court had acquired jurisdiction of the appeal, would work an abandonment of the assignments of error, *S. v. Hooker,* 207 N. C., 648, 178 S. E., 75; *S. v. Dingle,* 209 N. C., 293, 183 S. E., 376; *S. v. Robinson,* 212 N. C., 536, 193 S. E., 701; *S. v. Hadley,* 213 N. C., 427, 196 S. E., 361; *S. v. Brice, ante,* 34, 197 S. E., 690, except those appearing on the face of the record, which are cognizable *ex mero motu. S. v. Edney,* 202 N. C., 706, 164 S. E., 23.

The Attorney-General moves to dismiss the appeal for that defendant failed (1) to file affidavit as required in appeals *in forma pauperis,* C. S., 4651, and (2) to comply with Rule 27 of this Court as to filing briefs. This motion is allowed on the authorities hereinabove cited.

However, as is customary in capital cases, we have examined the record and case on appeal to see if any error appears. The record is regular. The exceptions presented are without merit. The case on appeal reveals competent evidence sufficient to sustain the verdict. The charge of the court below clearly, fully and fairly presented the case to the jury. We find no error.

Judgment affirmed and appeal dismissed.