STATE v. CHARLIE HOPKINS.

(Filed 20 March, 1940.)

1. **Criminal Law § 80—Appeal dismissed for failure of defendant to file brief and required copies of record and case on appeal.**

Where defendant files in the office of the Clerk of the Supreme Court a certified copy of the record proper and defendant's case on appeal, which had been served on the solicitor, but fails to file nine typewritten copies of the record and case on appeal and fails to file a brief, the motion of the Attorney-General to docket and dismiss will be allowed, Rules of Practice in the Supreme Court, Nos. 22 and 28, but when defendant has been convicted of a capital felony the motion to docket and dismiss will be allowed only after an inspection of the record proper and defendant's case on appeal shows no apparent error.

2. **Criminal Law § 71—**

The affidavit and order for appeal *in forma pauperis held* not in strict accord with the statute. *S. v. Smith,* 152 N. C., 842.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan for the State.*

PER CURIAM. At the November Term, 1939, Rutherford Superior Court, it being the term for the trial of criminal causes, the defendant was tried upon an indictment charging him with the capital felony of murder of one Roy Watkins. There was a verdict of guilty of murder in the first degree. Judgment was thereupon duly entered that the defendant suffer the penalty of death by asphyxiation, as provided by law. *S. v. Morris,* 215 N. C., 552, 2 S. E. (2d), 554; *S. v. Young,* 216 N. C., 626. From the judgment thus entered the defendant gave notice of appeal to the Supreme Court and was allowed forty-five days to make up and serve his statement of case on appeal. The solicitor was given thirty days thereafter to prepare and file exceptions or counter-case.

On 12 February, 1940, the defendant filed in the office of the clerk of this Court a certified copy of the record proper and of the defendant's case on appeal, which case or appeal was served on the solicitor 4 Janu-

ary, 1940. The defendant has failed, however, to file nine typewritten copies of the record and case on appeal as required by Rule 22, and has likewise failed to file a brief as required by Rule 28.

The Attorney-General, for the State, in due time, filed a written motion to docket and dismiss the appeal under Rules 22 and 28.

We have carefully examined the record proper and the defendant's case on appeal attached thereto. There is no apparent error on the face of the record and the assignments of error in the case on appeal are without substantial merit. Therefore, the motion of the Attorney-General to docket and dismiss the appeal under Rules 22 and 28 must be allowed. *S. v. Taylor,* 194 N. C., 738, 140 S. E., 728; *S. v. Massey,* 199 N. C., 601, 155 S. E., 255; *S. v. Goldston,* 201 N. C., 89, 158 S. E., 926.

The affidavit and order for appeal *in forma pauperis* is not in strict accord with the statute. *S. v. Smith,* 152 N. C., 842, 67 S. E., 965.

Judgment affirmed. Appeal dismissed.