State v. Joyner

STATE OF NORTH CAROLINA v. WILLIAM HENRY JOYNER, JR.

No. 767SC1026

(Filed 1 June 1977)

1. **Criminal Law § 18.2— misdemeanor — jurisdiction of superior court — trial in district court — showing in record**

    Although a district court judgment finding defendant guilty of misdemeanor possession of marijuana after no probable cause was found as to felonious possession did not show on its face that defendant received a trial on the misdemeanor charge, the entire record shows that a trial on the misdemeanor charge was held in the district court and that the superior court thus had derivative jurisdiction of the misdemeanor where defendant was represented by counsel in the district court, no objection was made to the judgment entered in the district court but notice of appeal was given instead, and defendant did not challenge the jurisdiction of the superior court when the matter came on for a hearing *de novo*.

2. **Criminal Law § 73.1— admission of hearsay — absence of prejudice**

    In a prosecution for possession of narcotics, defendant was not prejudiced by the court's failure to strike hearsay testimony by a police officer that defendant lived at the address at which narcotics and drug paraphernalia were found where the officer conceded on cross-examination that he did not have direct knowledge of where defendant lived, and defendant's own evidence showed that he lived at such address.

3. **Narcotics § 3— automobile owned by defendant — absence of prejudice**

    In a prosecution for possession of narcotics, defendant was not prejudiced by the admission of an officer's testimony that defendant drove a new Lincoln Continental automobile where defendant effectively impeached this testimony during cross-examination of the officer who stated that the car was also registered to defendant's wife, and that he did not know that defendant's father had left defendant $49,000 when he died.

APPEAL by defendant from *Webb, Judge*. Judgment entered 20 July 1976 in Superior Court, WILSON County. Heard in the Court of Appeals 5 May 1977.

Defendant was arrested on 1 March 1976 following the search of a house at 203 North Vick Street, Wilson, North Carolina. The search was conducted pursuant to a warrant. Evidence presented at trial tended to show that defendant and his wife lived in this house part of the time; that defendant kept clothes and dogs at this address, that he received mail there; and that when defendant was absent from this house he left it in the care of friends. Evidence further tended to show that on the night of the search police officers announced themselves and their authority to search pursuant to the warrant. Defendant shouted a warning to other persons in the house and delayed about thirty seconds before opening the door. The police searched the house and found marijuana and also drug paraphernalia covered with heroin residue.

On 2 March 1976, defendant was charged with felonious possession of marijuana. On 11 May 1976, the defendant went before a district court judge for a probable cause hearing. The court found there was no probable cause to support a charge of felonious possession of marijuana. However, judgment was entered against defendant for misdemeanor possession of marijuana. Defendant appealed from the district court judgment.

On 28 June 1976, between the time of the probable cause hearing and the trial *de novo* in superior court, defendant was indicted for felonious possession of heroin. This charge was consolidated for trial with the misdemeanor marijuana charge, and both cases were tried on 19 July 1976. Defendant was convicted of both offenses, and judgment was entered imposing a prison sentence. Defendant appeals.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Assistant Attorney General William B. Ray, for the State.*

*Farris, Thomas & Farris, by Robert A. Farris, for defendant appellant.*

ARNOLD, Judge.

[1]   Defendant contends that the superior court lacked jurisdition to try him for misdemeanor possession of marijuana without amending the original warrant or procuring a new warrant. According to defendant, the record does not reveal that he received a trial on the misdemeanor charge in district court,

but that the district court, upon finding no probable cause for the felony charge, summarily found him guilty without affording him a trial on the lesser misdemeanor charge. Therefore, defendant asserts, the superior court had no derivative jurisdiction over him.

G.S. 7A-271 (a) (5) provides:

"(a) The superior court has exclusive, original jurisdiction over all criminal actions not assigned to the district court division by this article, except that the superior court has jurisdiction to try a misdemeanor:

. . . .

(5) When a misdemeanor conviction is appealed to the superior court for trial ·de novo . . . . "

The record reflects that the following judgment was entered in district court:

"In open court, the defendant appeared in the District Court for a probable cause hearing on the charge of felonious possession of marijuana and thereupon . . . requested a probable cause hearing. Probable cause hearing held and no probable cause found as to felonious possession of marijuana and enters a verdict of guilty of the offense of simple possession of marijuana which is a violation of _____ and of the grade of misdemeanor."

On its face the district court judgment does not show that defendant received a trial on the misdemeanor charge. The question is whether the district court judgment is void. If it is, then the superior court had no jurisdiction. *State v. Fisher*, 270 N.C. 315, 154 S.E. 2d 333 (1967). We hold that the defect in the district court judgment does not void the judgment, and that the superior court had jurisdiction to hear the misdemeanor charge.

In *State v. Sloan*, 238 N.C. 672, 78 S.E. 2d 738 (1953), defendant moved to arrest judgment in superior court because the prior judgment in the recorder's court did not aver that a trial had been held. Our Supreme Court concluded that a judgment need not adhere strictly to a particular form. "It is not essential to the validity of a judgment that it makes reference to the trial or the crime of which the defendant was convicted." *Id.* at 673, citing *State v. Edney*, 202 N.C. 706, 164 S.E. 23

(1932), and *State v. Taylor,* 194 N.C. 738, 140 S.E. 728 (1927). However, in this case the court took notice of the transcript of the trial which was included in the record. This Court, in *State v. Wesson,* 16 N.C. App. 683, 193 S.E. 2d 425 (1972), *cert. den.* 282 N.C. 675, 194 S.E. 2d 155 (1973), a case in which the district court judgment failed to state that defendant had been convicted and found guilty, concluded that the record as a whole revealed that a conviction and determination of guilt had been made in district court.

Jurisdiction of the superior court on appeal from a conviction in district court is derivative. A presumption of regular procedure in the district court can be inferred. *State v. Wesson, supra.* Also see *State v. McRae,* 19 N.C. App. 579, 199 S.E. 2d 505 (1973); *State v. Johnson,* 5 N.C. App. 469, 168 S.E. 2d 709 (1969); *State v. Bryant,* 5 N.C. App. 21, 167 S.E. 2d 841 (1969). Furthermore, the entire record may be considered in searching for evidence that proper procedure was followed, and in viewing the entire record before us in this case we conclude that the superior court had derivative jurisdiction.

The district court had authority to hear the misdemeanor charge immediately upon completion of the probable cause hearing! G.S. 15A-613(2). Presumably the judgment in which there is a finding of guilt and imposition of sentence would not have been entered without a trial. The record reveals that defendant was represented by counsel in district court, and that no objection was made to the judgment entered in district court. The fact that no objection was entered, but notice of appeal was given instead, suggests regularity in the district court trial. Finally, we note that defendant did not challenge the jurisdiction of the superior court when the matter came to be heard *de novo.* A motion to arrest judgment can of course be made at any time, even in the appellate courts, but again, in the present case, the failure to make objection in superior court indicates regularity in the district court proceeding.

[2] Police Officer, E. R. Bass, testified that defendant lived at 203 North Vick Street. On cross-examination Bass admitted that he did not know this of his own knowledge but " . . . was testifying only on information [he] received." We find no prejudicial error in the court's failure to strike the officer's hearsay testimony on direct examination. Bass conceded on cross-examination that he did not know where defendant lived.

In addition, defendant's own evidence, presented for the purpose of showing that he had been away from the house for two weeks prior to the search, tends to show that he regularly exercised the kind of control over the house to show that it was his principal residence. Also, defendant's own witness testified that defendant lived in the house.

[3] Error is also assigned to testimony by Officer Bass that defendant drove a new Lincoln Continental automobile. Defendant contends that the testimony was irrelevant and prejudicial because it implied that he purchased an expensive car with money obtained by selling narcotics. Again we can find no prejudice to defendant, and we do not consider whether the testimony was relevant. Counsel for defendant effectively impeached this testimony during cross-examination of Officer Bass who stated that the car was also registered to defendant's wife, and that he did not know that defendant's father left him $49,000.00 when he died.

We have also examined defendant's remaining assignments of error to evidentiary rulings, to the denial of his motion for judgment as of nonsuit, and, finally, to the court's instructions to the jury. We find no merit in these contentions and conclude that defendant received a fair trial, free of prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.